CASE 94—INDICTMENT—FEBRUARY 9, 1884.

# Wilder v. The Commonwealth.

### APPEAL FROM MADISON CIRCUIT COURT.

1. Before any person can be convicted under chapter 29, article 4, section 9, General Statutes, it must be averred in the indictment and proved that the accused took or detained the female *against her will.*
2. To charge that accused "unlawfully detained Mary McGriffin" without averring that the detention was against her will, is not sufficient.
3. The defect is not cured by charging that appellant forcibly detained her.

W. B. SMITH AND R. MASON FOR APPELLANT.

The statute requires that the detention must be unlawful and against the will of the female.  (Gen. Stats., ch. 39, art. 4, sec. 9.)

The detention of a female might be unlawful and at the same time not against her will.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The intention to have carnal knowledge of the female, being against her will, the detention with that intent must have been against her will. (Evans v. The Commonwealth, 79 Ky., 415.)

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

The indictment fails to charge that the accused detained Mary McGriffin *against her will* for the purpose or with the intent of having carnal knowledge with her.

It is alleged that he unlawfully and forcibly detained her, but it is not averred anywhere that the detention was against her will.

Detention against her will is the main ingredient of the offense denounced by the statute.  It does not require that the carnal knowledge shall be against her will, or that the intent to have carnal knowledge with her shall be coupled with the purpose of doing so against her will.  Before any person can be lawfully convicted under the statute, which is subject to easy perversion or misuse, it must be alleged and proved that the female was taken or detained against

her will.    Words or acts of persuasion merely are insuffi-
cient, although they may detain the female, to constitute
the offense.    There must exist such acts or threats as com-
pel her to submit against her own will or inclination to the
control of the accused with the intent on his part to have
carnal knowledge.    This statute, while it is highly proper,
may be perverted and used as a dangerous instrument of
oppression or revenge, and therefore the rule which requires
that allegations be construed more strongly against the
pleader should be strictly adhered to in construing the lan-
guage of indictments under it.    No doubts or inferences
will be resolved in favor of an indictment containing them.
Hence the accusation that the accused ''unlawfully detained
Mary McGriffin,'' without stating and affirming that it was
against her will, is not sufficient.    Nor is this defect cured
by the averment that the accused forcibly detained her, be-
cause he may have used physical force in detaining her, yet
his acts may not have been against her will, for she may
have apparently opposed while she really inclined to favor
the detention.    In this class of cases the jury should be so
instructed as to allow them to judge of the reality and
criminality of the alleged detention.

Wherefore, the judgment is reversed and cause remanded,
with directions to grant appellant a new trial and sustain
the demurrer.