### ARCH HOSKINS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—41.]

**Sufficiency of Indictment.**

Under the statute (Sec. 9, Art. 4, Ch. 29, General Statutes) providing that "whoever shall unlawfully take and detain any woman against her will with intent to have carnal knowledge with her himself shall be confined to the penitentiary," etc., an indictment charging the unlawful detention of the female, "by placing his hands upon her and speaking to her with intent to have carnal knowledge with her," etc., it is insufficient because not charging that the detention was against her will.

### APPEAL FROM MARION CIRCUIT COURT.

June 4, 1885.

OPINION BY JUDGE LEWIS:

Appellant having been tried and convicted of the offense described in Sec. 9, Art. 4, Chap. 29, General Statutes, made a motion in arrest of judgment which was overruled, prosecutes this appeal.

The section referred to is as follows:

"Whoever shall unlawfully take and detain any woman against her will with intent to have carnal knowledge with her himself shall be confined to the penitentiary not less than two or more than seven years."

The charge in the indictment under which the appellant was convicted and sentenced is that he "did unlawfully detain Elizabeth Brichen, a female, by placing his hands upon her and speaking to her with intent to have carnal knowledge with her contrary to the form of stautes in such cases made and provided," etc.

It is not stated that she was detained against her will, nor does the language used convey that idea. And as held by this court in the case of *Wilder v. Commonwealth* decided February 9, 1884, and to be found in 5 Ky. Law Rep. 635, 81 Ky. 591, such omission is a fatal defect, it being necessary that it be alleged and proved that the female was taken and detained against her will. The court thereupon erred in refusing to give the instruction asked by appellant, which was substantially that the jury could not find the defendant guilty as charged in the indictment.

Therefore the judgment is reversed and cause remanded for further proceedings consistent with this opinion.

Judgment *reversed.*

*W. E. & S. A. Russell, for appellants.*

*Finley Shuck, for appellee.*