PLEAS. EVERHEART *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—218.]

**Sufficiency of Indictment.**

When the statute describes facts constituting an offense, an indictment under such statute should follow the statute and to be good, an indictment for detaining a woman with intent to have sexual intercourse with her against her consent, an indictment should allege that the woman was detained against her will, and with the intent to have carnal knowledge of her without her · consent.

APPEAL FROM MARION CIRCUIT COURT.

September 12, 1885.

OPINION BY JUDGE PRYOR:

It is alleged in the indictment in this case that the accused "did unlawfully detain Idemia Jones, she being a woman, against her will, with the intent to have unlawful carnal knowledge and sexual intercourse with her." We think the word "detain" is descriptive of the offense, and means that "he held or kept the woman in custody, and with the further allegation for the purpose of having carnal knowledge of her against her consent," making the offense complete.

In *Wilder v. Commonwealth,* 81 Ky. 591, 5 Ky. L. 635, this court held that the failure to allege in the indictment that the detention was against her will, made the indictment bad. That the woman was detained against her will, and with the intent to have carnal knowledge of her, are facts, that when established, authorize the conviction. The manner of taking or detention is not necessary to be alleged, and what the proof was on that branch of the case is not disclosed by the record, as we find no bill of evidence accompanying it. When the words of a statute are descriptive of the offense the indictment should follow the statute. In the case of *Seller v. Commonwealth,* 13 Bush 331, the parties accused were charged with unlawfully banding themselves together for the purpose of intimidating, alarming and disturbing F. M. Stanton. The indictment was held sufficient and in that case followed the language of the statute under which the parties were convicted. The indictment being good the conviction must be held proper.

Judgment *affirmed.*

*W. E. Settle, for appellant.*
*P. W. Hardin, for appellee.*