## Lee Stewart v. Commonwealth.

(Decided January 11, 1911.)

### Appeal from Owen Circuit Court.

1. Detaining a Woman Against Her Will—Evidence—Witness in Adjoining Room—Hearing Screams—Competency of Evidence.— The testimony of a witness in an adjoining room, that she was awakened by the screams of prosecutrix, who was crying, that the accused was in her room, and asking to be let in and fasten the door, is competent evidence that accused was in the room and had forcibly detained her.

2. Reputation of Prosecuting Witness for Unchastity—Competency of Evidence.—In a prosecution against a man charged with unlawfully detaining her, appellant offered to prove specific acts of adultry by the prosecutrix with other men, which was rejected by the trial court. Held, that the general reputation of the prosecutrix for unchastity may be shown not alone for impeaching her credibility as a witness, but to establish, if that may so tend, that she consented to or invited the act of which she subsequently complains.

3. Same.—A woman may not have a general reputation for unchastity, yet in fact be unchaste. If it be true that a woman has made merchandise of her virtue, such fact will strongly militate against the probability that she did not consent in the case at hand.

4. Prostitute—Entitled to Protection.—It is not that any one may detain a prostitute against her will for the purpose of having carnal knowledge without violating the Statutes. She is as much within its protection as any woman. But it is not just either that a prostitute should be allowed to invoke such a heavy penalty on the man whom she has consented to, and whether she has consented is the gist of the case.

5. Breaking Jail by Accused—Relevancy of Evidence—Confession of Guilt.—Evidence that accused, charged with detaining a woman with intent to have carnal knowledge of her against her will, broke jail and fled after his arrest, is relevant as tending to show his own confession of guilt.

6. Indeterminate Sentence Law—When Applicable.—The indeterminate sentence statute, applies only to prosecutions for an offense committed since the act became effective.
The whole court sitting.

JOHN W. DOUGLAS for appellant.

JAS. BREATHITT, Attorney General, and T. B. M'GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant was indicted for detaining a woman against her will with the intention to have carnal knowledge of her. (Sec. 1158 Ky. Stats.) He was found guilty by the jury, and his punishment fixed by the court at confinement for not less than two years nor more than seven years in the penitentiary.

The prosecutrix is a girl about 18 years old, and worked for and lived with the family of the same employer for whom appellant worked. They occupied adjoining rooms. About midnight appellant went to the room of the prosecutrix—with whom a child of her employer was sleeping—and what occurred is thus told by the young woman:

"When he entered my room he come to the bed. He felt around and put his hand on my side. I raised up and asked 'who is this?' and 'what are you doing?' He said 'Lee Stewart.' He said 'lay over and I will pay you for it and never tell it.' I never gave him any reply but jumped out of bed and run into Kate's room and Grace followed me, and whether Grace saw Stewart I do not know.

"Q. State whether or not Stewart put his hand on you and under the cover?"

"A. Yes, sir."

Another witness, Miss Kate Sanford, who occupied an adjoining room, testified she was awakened by the screams of prosecutrix, who was crying that Stewart was in the room, and asking to let her in and fasten the door. It is objected by appellant that there was not evidence of his having forcibly detained the woman as charged. We think there was, under the authority of Malone vs. Commonwealth, 91 Ky. 308; Couch vs. Commonwealth, 16 Ky. Law Rep. 477; Copenhover vs. Commonwealth, 104 S. W. 750; Gibson vs. Commonwealth, ibid., 251; Bowman vs. Commonwealth, ibid., 263; and Jones vs. Commonwealth, 28 Ky. Law Rep. 213.

Appellant offered to prove specific acts of adultery by the prosecutrix with other men. The evidence was rejected by the trial court. In Brown vs. Commonwealth, 102 Ky. 227, that appellant was accused of rape. His defense was that he had carnal knowledge of the accused with her consent. This court held "it was error for the court to refuse to permit him to prove by third parties, and by the prosecuting witness on cross-examination, if he could, acts of a lewd or lascivious character on her part occuring shortly before the alleged rape." Unlawfully detaining a woman is a degree of the crime of rape. (Fagan vs. Commonwealth, 18 Rep. 714, 38 S. W. 431; Fehston vs. Commonwealth, 82 Ky. 549, 7 Ky. Law Rep. 55.) It is possible to convict upon the testimony of the prosecutrix alone. True, as observed in Brown vs. Commonwealth, the general reputation of the prosecutrix for unchastity may be shown, not alone for impeaching her credibility as a witness, but to establish, if that fact may so tend, that she consented or invited the act of which she subsequently complains. But a woman may not have a general reputation for unchastity, yet in fact be unchaste. It is the fact

that is important as bearing on the probabilities of the case being investigated, even more than her general reputation, which is but an evidence of the fact. Hence, if it be true that she has made merchandise of her virtue, such fact will strongly militate against the probability that she did not consent in the case at hand. It is not that any one may detain a prostitute against her will for the purpose of having carnal knowledge, without violating the statute. She is as much within its protection as any woman. But it is not just, either, that a prostitute should be allowed to invoke such a heavy penalty on the man whom she has consented to, and whether she consented is the gist of the case.

We do not mean to imply that there was any evidence against the character of the prosecutrix; but say, that the offer of appellant to prove the fact, either by other witnesses, or by her on cross-examination if he can, was within his legal rights.

There was also evidence that appellant broke jail and fled after his arrest on this charge. He complains of the evidence. It is relevant, as tending to show his own confession of guilt.

The court left to the jury only the determination of the fact whether the defendant was guilty as charged. The verdict was "we the jury find the defendant guilty." The court then entered judgment as provided in chapter 4, acts 1910, approved March 7, 1910, known as the indeterminate sentence law. Of this the accused complains.

The offense of which he is charged was committed in April of 1910. The statute became effective June 1910. The indictment was found June 28, 1910, after the statute became effective. In April, 1910, the statute in force, and which is yet in force, fixed the punishment for the offense at confinement in the penitentiary not less than two or more than seven years. (Sec. 1158 Ky. Stats.) The jury alone fixed the punishment by their verdict within the periods or amount prescribed by law. (Sec. 1138 Ky. Stats.)

Section 465 Ky. Stats. reads as follows:

"No new law shall be construed to repeal a former law as to any offense committed against the former law, nor as to any act done, any penalty, forfeiture, or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect

any such offense or act so committed or done, or any penalty, forfeiture, or punishment so incurred, or any right accrued or any claim arising before the new law takes effect, save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture, or punishment be mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.''

It was error not to have left to the jury the fixing of the punishment in this case. (Cockerell vs. Commonwealth 115 Ky. 296.) They might have fixed the minimum term. Yet the accused might, under the judgment, have to serve the maximum term. It is not enough to say that, depending upon his subsequent good conduct, he might be released after two years. He might not. But, if only confined for two years under a determinate sentence, he would get out at the end of that time without reference to his subsequent good conduct, and without having to depend upon somebody else's construction of it. The indeterminate sentence statute applies only to such prosecutions where the offense is committed since the act became effective.

Wherefore, the judgment is reversed and cause remanded for new trial under proceedings consistent herewith.

The whole court sitting.