## Meade v. Commonwealth.

(Decided April 20, 1926.)

### Appeal from Boyd Circuit Court.

1. Infants—Where Juvenile Court Secured Jurisdiction of Accused, who was Under 17 Years, and Transferred Him to Proper Authorities to be Tried for Any Crime, Circuit Court had Jurisdiction of Prosecution for Attempt to Rape Infant Under 12 Years (Child Delinquency Statute, Kentucky Statutes, Sections 331e-5, 1153).—Where juvenile court obtained jurisdiction of accused under Kentucky Statutes, section 331e-5, giving jurisdiction in case of arrest of male under 17 years, and by its judgment delivered accused to proper authorities to be tried for any crime of which he was guilty, circuit court had jurisdiction, under the Child Delinquency Statute, of prosecution for attempt to rape infant under age of 12 years, denounced by Kentucky Statutes, section 1153.

2. Rape—In Prosecution for Rape and Kindred Crimes, Fact of Complaint by Prosecutrix May be Proven.—In prosecution for rape and kindred crimes, fact of complaint by prosecutrix may be proven, especially if her statements as to what occurred are denied by accused, when the fact of complaint is admissible as corroborative of her testimony.

3. Criminal Law.—Details of rape, given in complaint of prosecutrix, are competent, if res gestae in a prosecution for the rape.

4. Criminal Law—Details of Complaint by Prosecutrix in Prosecution for Attempt to Rape Infant Under 12 Years, Made to Mother Immediately After Offense, Held Part of Res Gestae.—Details of complaint by prosecutrix, in prosecution for attempt to rape infant under the age of 12 years, made to mother immediately after leaving barn where offense occurred, held part of the res gestae.

5. Witnesses—Test of Competency of Child as Witness is Whether Witness has Sufficient Intelligence to Truthfully Narrate Facts Inquired About.—Test of Competency of witness of extreme youth is whether witness possesses sufficient intelligence to truthfully narrate facts to which his attention is directed and about which he may be examined.

6. Witnesses—Admitting Testimony of Prosecutrix in Prosecution for Attempt to Rape Infant Under 12 Years Held Not Abuse of Discretion Because of Her Extreme Youth.—Admitting testimony of prosecutrix who was quite young at time of offense, in prosecution for attempt to rape infant under the age of 12 years, held not abuse of discretion because of her extreme youth.

7. Rape—Where Accused, in Prosecution for Attempt to Rape Infant Under 12 Years, Testified he Merely Slapped Prosecutrix, Court should have Instructed on Assault.—Where accused, in prosecution for attempt to rape an infant under the age of 12 years, testified he merely slapped prosecutrix, court should have instructed

on assault, as it was a degree of offense charged, and there was evidence that it was the only offense committed.

8. Courts—Where Two Lines of Decisions of Same Court Conflict, Court has Duty to Follow Line Based on Sounder Reason and Not Forbidden by Doctrine of Stare Decisis.—Where two lines of decisions of the same court conflict, the court's duty is to follow the line which is conceived to be based on the sounder reason, and which is not forbidden by the doctrine of stare decisis.

9. Rape—Refusal to Instruct on Crime of Detaining a Woman Against Her Will is Error, where Evidence in Prosecution for Attempt to Rape Infant Under 12 Years Authorizes Conviction Therefor (Kentucky Statutes, Sections 1153, 1158; Criminal Code of Practice, Section 264).—Refusal to instruct on crime of detaining a woman against her will, denounced by Kentucky Statutes, section 1158, is error, in view of Criminal Code of Practice, section 264, where evidence in prosecution for attempt to rape infant under 12 years, denounced by section 1153, authorizes conviction for such detaining, as it is a degree of the offense charged, in view of Criminal Code of Practice, section 264.

10. Criminal Law.—Prejudicial remarks of counsel, presented only in motion for new trial, are not properly in record, and cannot be considered on appeal.

11. Criminal Law.—If jury entertain reasonable doubt as to degree of proven offense, they must find accused guilty of lesser one.

DYSARD & MILLER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

Appellant, Thornton Meade, who was under 17 years of age at the time, was indicted and tried in the Boyd circuit court for an attempt to rape an infant under the age of twelve years, an offense denounced by section 1153 of our statutes. He was convicted and sentenced to serve a term of five years in the penitentiary. His motion for a new trial was overruled and from the judgment pronounced on the verdict he prosecutes this appeal, urging as reversible errors, (1) the admission of incompetent testimony offered by the Commonwealth; (2) error in giving and refusing instructions, and (3) prejudicial remarks of Commonwealth's attorney in his closing argument to the jury.

1. The evidence, as aided by permissible presumptions, as to the proper ruling of the juvenile court of Boyd county in first obtaining jurisdiction of defendant

under our child delinquency statute, establishes the jurisdiction of the circuit court, since it appears therefrom that the juvenile court obtained jurisdiction of defendant under the provisions of section 331e-5 of our statutes, and that it by its judgment delivered or transferred defendant to the proper authorities to be tried and punished for any crime of which he might be found guilty. Therefore, the case of Walters v. Commonwealth, 171 Ky. 457, and others referred to therein, and following similar ones, are not available as a defense to the prosecution.

The infant prosecutrix was Alene Brown, who was quite young at the time of the commission of the alleged offense which was done in a small barn or feed house at the rear of her father's residence located near to or within the suburbs of the city of Ashland. Defendant was a deliveryman for a merchant who dealt in various kinds of stock feed, and had brought to the Brown residence two bales of hay and a sack of bran. He delivered one bale of hay in the small feed house at the Brown residence and put it upon the floor. He then made a second trip and brought the sack of bran. The little girl was playing near the front door of that house, and what then happened is thus told by her: "Q. Go ahead and tell them what he said, go ahead and tell them. A. He said if I would go in there with him he would give me a nickel. I went in there and he unfastened my britches and felt of me. Q. He felt of you? A. Yes. Q. What were your britches fastened with? Didy pin. Q. Who took the didy pins out? A. That boy. Q. Which one? A. That one. Q. And he felt of you where? A. Right there (indicating her privates). Q. And what did you do when he did that? A. Cried. Q. You did what? A. Cried. Q. And after you cried, what did he do? A. He set me down. Q. And where did you go then? A. Went home. Q. Where did he go? A. I don't know."

About the time she came out of the house the defendant went rapidly down some steps leading to the road from the rear of the Brown lot and did not bring the second bale of hay, all of which was seen and observed by the mother of the little girl, who at that time was in the rear door of the Brown residence. The mother testified that the child was crying and also as to the unfastened condition of her clothing, and she was permitted to state what the prosecutrix then and there immediately stated to her what happened, and also the details as to

how it happened, which corresponded with her testimony on the witness stand; and the statements so testified to by the mother constitute one of the chief objections under complaint (1).

Whatever else may be said, it is the universal rule that in trials for the crime of rape and kindred ones, it is proper to prove the fact of complaint by the prosecutrix, and that is especially so if her statements as to what occurred are controverted by defendant, in which case the fact of complaint is admissible as corroborative of her testimony. 33 Cyc. 1463-1467, both inclusive. The notes to the text show that to the extent indicated there is no dissent by any court from the statement as made above, and we have adopted and applied it in a number of cases, some of which are Douglas v. Comonwealth, 24 K. L. R. 562; Gravitt v. Commonwealth, 184 Ky. 429, and Kirby v. Commonwealth, 210 Ky. 353. The text in the volume of Cyc. referred to also says that, ''By the weight of authority the evidence must be confined to the bare fact that complaint was made; the details or particulars of the complaint not being admissible as substantive testimony, unless ₜthe statement is part of the *res gestae.''* Among the numerous cases cited in the note to that text, from nearly all the states, is that of Philpot v. Commonwealth, 5 K. L. R. 862, the abstract of which (it being an opinion by Judge Pryor, and not otherwise reported) says: ''Upon the trial of a party on the charge of rape the declarations of the female made immediately after the commission of the alleged offense, are admissible to prove that the offense was committed, and the rule is the same, although the female is incompetent to testify on account of immature age, idiocy or other mental defect.'' That opinion is in perfect harmony with the reasons for the *res gestae* rule and without the Philpot case, and in the light of the great number of cases from other jurisdictions in the note to the text in Cyc., we feel justified in holding that the details of the transaction, made in the complaint of the prosecutrix, if sufficient to bring them within that rule, are competent, since we can conceive of no reason why testimony coming within the rule should be excluded in a prosecution of this kind and admitted in other prosecutions and in trials of civil causes. Here the details of the complaint made by the infant prosecutrix were completely within that rule, and sufficiently so to be a part of the transaction itself. The witness who testified thereto saw the parties as they came out of the

small barn or building and the defendant was hurriedly
departing leaving a part of the articles that he had
brought, undelivered into the house, and the little girl
was crying and bore evidence of some tampering with
her clothing, and there can be no doubt but that her state-
ments then and there made came fully within the *res ges-
tae* rule. Some short while after she made such com-
plaint and after defendant had left, the mother went
into the building in which the deliveries had been made
and found the pins sticking in the sack of bran, which
strongly corroborated the testimony of the prosecutrix.

Defendant denied having committed the acts or done
the things of which the prosecutrix accused him, and
stated on the stand that while he was gone after the sack
of bran the little girl came into the building and sat down
on the bale of hay that he had first delivered; that he in-
tended to set the sack of bran on the bale of hay but the
little girl was sitting upon it so as to prevent him from
doing so and he became angry and slapped her two or
three times and in that way he attempted to explain why
she was crying. Moreover, he made a confession in the
presence of the father and an officer which is shown to
have been purely voluntary, and when arraigned before
the court he entered a plea of guilty, but which later he
attempted to excuse upon the ground that he thought he
was arraigned for slapping the prosecutrix as he testified
to, notwithstanding he admitted, and it was otherwise
uncontradictedly proven, that the warrant was read to
him before he entered his plea.

Neither is there any merit in the objection to the tes-
timony of the prosecutrix because of her extreme youth
rendering her incompetent as a witness. We had the
question before us in the case of White v. Commonwealth,
96 Ky. 180, wherein the witness testified in this character
of prosecution, and it was again considered in the case
of Leahmen v. Broughton, 196 Ky. 146. It is shown in
those opinions and the authorities referred to and dis-
cussed therein that there is no unalterable rule measur-
ing the competency of a witness because of his or her age,
and that the true test is, whether the witness possesses
sufficient intelligence to truthfully narrate the facts to
which his attention is directed and about which he may
be inquired? The rule approved in the Leahmen case
was that the infant is competent to testify, "regardless
of its age, if it is shown to possess sufficient intelligence
and sense of obligation to tell the truth although it is

unable to explain or even comprehend the mysteries of the future life.'' An extended discussion of the subject is made in each of those cases, and we will content ourselves with only a reference to them. In this case we do not thing the court abused a sound discretion in permitting the infant prosecutrix to testify, leaving it for the jury to determine the credibility of her testimony. It is, therefore, our conclusion that there is no merit in this complaint.

2. The court submitted to the jury the defendant's guilt or innocence of only the offense charged in the indictment, and it is insisted that he should have given, in view of defendant's testimony that he only slapped the prosecutrix, an instruction on assault, and also should have instructed the jury on the offense of detaining a woman against her will as denounced by section 1158 of the statute, each of which contentions are bottomed upon the theory that the last two offenses are degrees of the one charged in the indictment. We think that the assault instruction should have been given, since it is clearly a degree of the offense charged, and there being evidence that the only offense committed by defendant was an assault. Bethel v. Commonwealth, 80 Ky. 526; Paynter v. Commonwealth, 21 K. L. R. 62, and the Kirby case, *supra*.

But whether it was the duty of the court to instruct the jury under section 1158 of the statute upon the offense of detaining a woman against her will presents a more complicated question growing out of the fact that there are two lines of opinions on the subject by this court directly in conflict with each other. Under such circumstances it is our duty to adopt and follow the line of opinions that announces what we conceive to be the sounder reasoning and which is, therefore, the correct one and which course on our part is not forbidden by the *stare decisis* doctrine. Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, and Sibert v. Garrett, 197 Ky. 17. Those cases held, in substance, that the doctrine does not require a court to continue to apply a clearly erroneous ruling, especially where it does not involve a settled rule of property. On the contrary, it is recognized by those opinions, and other cases and authorities cited in them, that it is the duty of a court to set itself right when it discovers that it has been traveling the wrong road and pursuing the wrong course. Evidently, one of the line of decisions above referred to must necessarily be overruled

and no longer followed. We will, therefore, proceed to consider our former opinions upon the question now under consideration and to determine which is the correct one to be followed in the future.

In the case of Fagan v. Commonwealth, 18 K. L. R. 714, we held that the offense of detaining a woman against her will, as denounced by section 1158 of our statutes, was a degree of the common law crime of rape, and that under an indictment for the latter offense a conviction of the statutory one could be had if the evidence was such as to authorize it. That case followed the one of Fenston v. Commonwealth, 82 Ky. 549, which announced a similar principle, although the indictment there was not for the common law offense of rape, but for the statutory one of carnally knowing a female under 12 years of age. The rule announced by those cases was followed in the later one of Stewart v. Commonwealth, 141 Ky. 522, and which rule was recognized in the still later case of Eades v. Commonwealth, 162 Ky. 89; and support for that principle is also found in the cases of Young v. Commonwealth, 16 K. L. R. 496, and Reed v. Commonwealth, 25 K. L. R. 1030. It is also stated to be the correct ruling by Mr. Gregory in his work on Kentucky Criminal Law, section 171.

Notwithstanding the above prior opinions it was said in the case of Lowry v. Commonwealth, 23 K. L. R. 1240, that, ''The offense of detaining a woman, &c., is not a degree of the offense of rape and is a statutory offense, created by statute, the punishment for which, and the ingredients of which, are essentially different from the crime of rape.'' No authority was cited therein in support of that statement, which seems to be based upon the fact that the lesser offense was a *statutory* one, while the larger one was a common law offense, but which distinction is clearly not maintainable, since the cases are numerous in this court where a statutory offense was held to be a degree of a common law one if the two belonged to the same genus or general class of crimes, illustrations of which are the cases, *supra,* holding that the statutory offense denounced by section 1158 was a degree of the common law one of rape. Evidently, therefore, the reason given by the court for the above statement from the Lowry opinion was unsound, and no cognizance was taken of it in the subsequent cases of Stewart v. Commonwealth, and Eades v. Commonwealth, *supra.* However, in the more recent case of Head v. Commonwealth, 174

Ky. 841, the Lowry opinion was followed and it was held that the statutory offense was not a degree of the common law one of rape, though the offense charged in the indictment in that case was the one denounced by section 1155 of our statutes, *i. e.,* carnally knowing a female under the age of 16 years, but now increased to 18 years. The opinion in the Head case was followed in the subsequent cases of Commonwealth v. Pennington, 189 Ky. 182; Breeding v. Commonwealth, 190 Ky. 207, and same case in 191 Ky. 130, and Yates v. Commonwealth, 211 Ky. 629. The Pennington, Breeding and Yates opinions merely followed the one in the Head case and made no reference to the cases rendered prior to it, nor did they enter into an analytical discussion of the question.

Neither did the opinion in the Head case or any of the subsequent ones based upon it refer to or in any wise take cognizance of section 264 of our Criminal Code of Practice, saying: "If an offense be charged in an indictment to have been committed with particular circumstances as to time, place, person, property, value, motive or intention, the offense without the circumstances, or with part only, is included in the offense, although that charge may be a felony, and the offense, without the circumstances, a misdemeanor only." However, the opinion in the Fenton case did refer to that section as the foundation for the conclusion therein reached, and which we think is unescapable. The common law offense of attempted rape with which defendant herein was indicted involves unlawful detention with the *intention* of *forceably* accomplishing defendant's purpose; while the statutory offense also involves unlawful detention, but with the *intention* of accomplishing the act either with or without force, and the circumstance or element of intending to *employ force,* after the unlawful detention, in the one does not prevent, but under the express provisions of the Code creates, the latter offense a degree of or included the former.

A brief consideration of the doctrine of former jeopardy will also serve to strengthen that position. In the cases of Scarf v. Commonwealth, 195 Ky. 830; Newton v. Commonwealth, 198 Ky. 709, and others referred to in those opinions, it was held that, "When the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final trial on the first prosecution will be a bar to the second one." If after defendant's trial under the indictment herein he was sub-

sequently indicted for the unlawful detention denounced in section 1158, *supra*, based upon the same acts charged in this indictment, clearly the testimony would authorize his conviction under the detention statute; and, according to the rule announced in the Scarf and other cases, the trial had on the indictment would be a bar to the prosecution, since the evidence heard on the trial was sufficient to authorize a conviction both for attempted rape, as charged in the indictment, as well as the crime created by the detention statute. That being true it would necessarily follow that it was competent to instruct the jury under the detention statute, provided the evidence was sufficient to authorize it upon the trial, under the indictment which charged only an attempted rape, upon the theory that the former was a degree of the latter, since upon no other ground could it be held that the trial under an indictment charging an attempted rape would bar a prosecution under the detention statute. We, therefore, see no escape from the conclusion that we were in error when we held in the Lowry case and the Head case and the others following and based upon them, that the statutory offense of detaining a woman against her will was not a degree of the common law one of rape, and those cases are hereby overruled and will not be followed in the future, since it clearly appears that the Fagan, Stewart and other cases, *supra*, holding to the contrary announce the correct rule and it is hereby approved.

3. The alleged prejudicial remarks of counsel can not be considered by us, since they were not properly made a part of the record, having been presented only in the motion for a new trial. If, however, it were otherwise and we could consider the objectionable remarks as contained in the motion for a new trial, we do not find them to be such as to violate the privilege of prosecuting counsel under our prior opinions dealing with the subject.

Upon another trial, if the evidence is substantially the same, the court will instruct the jury under the detention statute as well as upon assault, with also the usual one that if the jury entertain a reasonable doubt as to the degree of the proven offense they will find defendant guilty of the lesser one.

Wherefore, the judgment is reversed with directions to set it aside and grant the new trial, and for proceedings consistent with this opinion. Whole court sitting.