## Logsdon v. Commonwealth.

(Decided September 28, 1926.)

### Appeal from Daviess Circuit Court.

1. Rape—Statement of 3 Year Old Victim, "Mama, Look what Bill has Done to Me," Held Competent Evidence in Prosecution for Attempt to Rape.—In prosecution for attempt to rape, testimony of mother of 3 year old victim that latter said, "Mama, look what

Bill has done to me," when she returned home after crime' held competent, though child was incapable of testifying herself, especially where statement was made in defendant's presence.

2. Criminal Law—Admission of Statement of 3 Year Old Victim of Attempt to Rape, "Mama, Look what Bill has Done to Me," if Error, Held Harmless.—Admission of statement of 3 year old victim of attempt to rape, "Mama, look what Bill has done to me," if error, held harmless, where it furnished none of evidence on which verdict of guilty was based.

3. Criminal Law—Married Women Held Competent to Testify that Substance Found on Victim of Attempt to Rape was Seminal Fluid.—Married women held competent to testify that substance found on victim of attempt to rape was seminal fluid, after stating that from experience they were familiar with its appearance and odor.

4. Rape.—Instruction on unlawful detention of woman against her will, under Ky. Stats., section 1158, held not warranted by evidence in prosecution for attempt to rape 3 year old child.

5. Rape.—Evidence held to support conviction for attempt to rape child.

ALD & HIGDON and W. W. KIRTLEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

This appeal is from a judgment of the Daviess circuit court convicting appellant, William Logsdon, of an! attempt to commit rape upon Gertrude Hall, an infant under twelve years of age, and fixing his punishment at confinement in the penitentiary for five years.

Appellant's contention that incompetent evidence was permitted to go to the jury upon the trial hereof cannot be sustained. He complains that the mother of his three year old victim was permitted to testify that when she returned to her home, where only appellant and her child were, the latter said, "Mama, look what Bill has done to me." That testimony was competent, though the child was of such tender years as to be incapable of testifying herself, as was announced in Meade v. Com-monwealth, 214 Ky. 88, wherein the question was fully' discussed and the authorities sustaining the rule were cited. If, however, the evidence had been incompetent, it could not be held to be prejudicial in this case, since that statement furnished none of the evidence upon which

the verdict of guilty was based. The other facts and circumstances proved were the basis of the verdict returned. In addition, it appears that the statement complained of was made by the child in the presence of the accused, which certainly rendered it competent.

Appellant's contention that the testimony of the three women who testified that the substance discovered by them upon the person of the little child was seminal fluid was incompetent because the witnesses did not qualify themselves as being competent to testify on that question can not be sustained. The three witnesses were married women and stated that from experience they were familiar with the appearance and odor of seminal fluid, and after so qualifying themselves testified that the substance found upon the person of the little child, judging by its appearance and odor, was seminal fluid. Under those facts they were qualified to testify on the subject and the testimony was competent.

It is insisted under authority of Meade v. Commonwealth, 214 Ky. 88, that the trial court erred in failing to give an instruction on unlawful detention of a woman against her will for the purpose of having carnal knowledge of her, as denounced by section 1158, Kentucky Statutes. By the Meade case it was held that the offense of detaining a woman against her will is a degree of the offense of attempt to rape an infant under the age of twelve years, and that, in cases where the evidence is sufficient to authorize it, upon the trial of one charged with the latter offense it is erroneous to omit an instruction under the detention statute. The failure of the trial court in the Meade case to instruct under that statute, under the facts of that case, was held to be prejudicial and reversible error.

It is not, however, in every case where a lesser crime is held to be a degree of the crime charged that the defendant is entitled to an instruction under the law relating to the lesser crime, but only in such cases as the evidence of the case warrants it. To illustrate, voluntary manslaughter is a degree of the crime of murder, and, in cases where the evidence authorizes it, it is erroneous and prejudicial for the trial court to omit an instruction on voluntary manslaughter; but if no facts or circumstances proved in evidence authorize an instruction on voluntary manslaughter, it is not proper to submit the question, and the omission of such an instruction is never

held to be erroneous. In the case now before us, as we read the record, there is no evidence which would warrant an instruction under the statute denouncing detaining a woman against her will. If the facts proved for the Commonwealth are accepted, appellant went far beyond the bounds of the crime of detaining a woman against her will. If the facts testified to by himself be accepted, he did nothing. It appears that he was left at the home of the little child, alone with her, when her mother went to a nearby store for some merchandise. When she returned, about fifteen minutes later, appellant and the child were still there. The child's bloomers had been removed and her body was covered with seminal fluid, small quantities of which were found also upon a bed and the floor. Upon seeing these things, the child's mother accused appellant of the crime for which he has been indicted and convicted and he immediately left her home. She thereupon, at once, called in her neighbors, who also observed and testified about the condition of the little child. Appellant denied that he had touched or harmed the child in any way. Under those facts, appellant was guilty either of an attempt to rape the child, with which he was charged by the indictment and for which he was convicted, or he was guilty of an aggravated assault upon her. Both of those propositions were submitted to the jury by instructions not complained of. There was no place in the case, under its facts, for an instruction under the detention statute, since there was no evidence to base it on, and the trial court did not err in failing to submit that question.

The facts above are sufficient to support the verdict, and appellant's contention that the verdict is flagrantly against the evidence is wholly without merit.

No error to appellant's substantial rights appears in the record, and the judgment will be affirmed.

Judgment affirmed.