## Gilbert v. Commonwealth.

November 1, 1946.

John D. Driskill for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

The judgment is upon a conviction of attempted rape of a child under 12 years of age, with a penalty of five years imprisonment. KRS 435.080(2). A reversal is sought upon the ground that the court committed error in not instructing on the crime of detaining a woman against her will, with the intent to have carnal knowledge of her. KRS 435.110.

The child was 10 years old. She lived near the defendant and his family and was frequently in their home. She testified that on this afternoon she and her 7-year-old sister had gone there and found the family away; that the defendant sent the younger child to buy some comic books and then pulled her by the arm down an alley (a distance of two squares), then beyond (about 1½ squares) into some high weeds behind a flood wall in Paducah. She was resisting all the while. A recital of the sordid details as related by the child is undesirable and unnecessary. It is sufficient to say that consummation of the man's purpose was probably prevented only by the immaturity of the child. His defense was a denial and alibi. Some parts of the child's story seem fanciful, and there was testimony that she would not tell the truth. The defendant established a good reputation by witnesses who had never heard of him being in trouble. Of course, all of this presented an issue for the jury.

Upon a review of prior conflicting decisions, the court held in Meade v. Commonwealth, 214 Ky. 88, 282 S. W. 781, that the crime of detaining a woman against her will, which carries a lesser penalty, may be a degree of the offense with which the defendant was charged under the particular evidence of a given case. It was held to be so in that case and an error not to have given an instruction covering it. However, it was pointed out soon afterward in Logsdon v. Commonwealth, 215 Ky. 707, 286 S. W. 1067, that the evidence may not warrant the giving of an instruction on that offense, just as not every charge of murder calls for an instruction on voluntary manslaughter. In that case, as in this, the defendant denied he had touched or harmed the child in any way, and under the facts as related by the child he was guilty of attempted rape or nothing. The evidence was held not to authorize an instruction on the lesser crime in Wright v. Commonwealth, 267 Ky. 441, 102 S.

W. 2d 376. The distinguishing feature is the absence of evidence of the use of force, violence or fright in the attempt to accomplish the evil purpose, just as that is an essential and distinguishing element in the consummated crime of rape. Meade v. Commonwealth, supra; Hodge v. Commonwealth, 245 Ky. 1, 53, S. W. 2d 186; Reynolds v. Commonwealth, 269 Ky. 21, 106 S. W. 2d 88.

Under the evidence it was not prejudicial to omit an instruction on detaining a woman against her will.

The judgment is affirmed.