### HUNTER v. COMMONWEALTH.

Court of Appeals of Kentucky.
June 19, 1953.

James P. Hanratty, Hopkinsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Appellant, Kenneth 'Hunter, was convicted of detaining a girl against her will for the purpose of having carnal knowledge of her and was sentenced to the penitentiary for two years. He assigns three errors for reversal: 1. The verdict is against the law and the evidence; 2. the court should have granted him a new trial on the ground of newly discovered evidence; 3. the court erred in overruling his motion for a continuance.

Appellant was living with Gladys Grant in Christian County and although they had never been married, the couple passed as husband and wife. Gladys was divorced and the mother of two girls, Joyce 13 and Linda 14 years of age, who made their home with their mother and Hunter.

Linda testified that one night in August 1951, appellant came to the room where she and Joyce were in bed, slapped Joyce and forced her to leave the room, got in bed with Linda and forced her to have sexual intercourse with him. The mother of the girls did not testify, although the girls stated she was at home on the night in question and knew what transpired.

It is argued by appellant that the Commonwealth's evidence does not show he detained Linda against her will, but rather that he had carnal knowledge with Linda with her consent, which did not constitute the offense of detaining her against her will, citing Wilder v. Com., 81 Ky. 591, 5 Ky.Law Rep. 635; Roseberry v. Com., 227 Ky. 387, 13 S.W.2d 263.

■ These authorities do hold that sexual intercourse with a girl with her consent does not make a case of detaining her against her will, although it could constitute the offense of having carnal knowledge of a girl under the age of consent. In the case at bar, Linda testified appellant got in bed with her and forced her to have intercourse with him. This certainly constituted the offense of detaining Linda

against her will, and the fact that appellant accomplished his purpose, as Linda testified, does not prevent the offense of detaining from being committed. When a man forces a woman to have intercourse with him, he detains her against her will for the purpose of having intercourse with her before he actually accomplishes his ultimate purpose. Unlawfully detaining a woman for the purpose of having intercourse is a degree of the crime of rape. Stewart v. Com., 141 Ky. 522, 133 S.W. 202. See Meade v. Com., 214 Ky. 88, 282 S.W. 781, where the question is fully discussed.

■ In the present instance the testimony of Linda is sufficient to take the case to the jury and to sustain the verdict, as it is possible to convict on the testimony of the prosecutrix alone. Stewart v. Com., 141 Ky. 522, 133 S.W. 202.

■ The newly discovered evidence relied upon for a new trial, as appears in the affidavits of appellant and his attorney, is they discovered for the first time during the trial that Linda was residing at the time at an address on Campbell Street in Hopkinsville which bears a bad reputation for morality, and on another trial the reputation of Linda for morality and credibility could be shown to be bad. True, it is written in Stewart v. Com., 141 Ky. 522, 133 S.W. 202, the general reputation of a prosecutrix for immorality or unchastity may be shown not alone to affect her credibility as a witness but to establish that the detaining was not against her will. One of the prerequisites for granting a new trial on newly discovered evidence is diligence on the part of accused and his counsel to discover the evidence relied upon. Appellant had lived in the house with prosecutrix for four years and testified he had whipped her for "running around" with boys of loose character, and certainly he knew, or could have easily ascertained, before the trial that her general reputation for veracity and virtue was bad. Appellant places much reliance in Gravitt v. Com., 184 Ky. 429, but on page 433, 212 S.W. 430, of that opinion is written that a new trial should not be granted to give accused an opportunity to prove facts whose existence he

knew and negligently failed to offer on his trial.

Nor is there merit in appellant's contention that his attorney, who was only employed a day before the trial, did not have sufficient time to prepare the case. The record shows the indictment was returned in October 1951. At the 1952 February term the case was continued on motion of the Commonwealth to the June term of that year. On June 4, the case was passed to June 16 on account of the absence of the Commonwealth's witnesses. On June 23, the case was called for trial, accused failed to appear, his bond was forfeited and the case was continued until the 1952 September term. Appellant had secured counsel previous to his employment of the lawyer who represented him on the trial, but let his first counsel go as appellant relied upon a promise of the mother of prosecutrix that neither she nor her daughters would appear against him. One cannot with impunity rely upon a promise by a witness for the prosecution that she and other witnesses will not appear against him, dismiss his then counsel and be heard to complain that his attorney employed just a day before the trial did not have sufficient time to prepare the case. When appellant relied upon such promise and did not employ counsel to defend him until the day before the trial, he ran the risk and took the chance for which he alone is responsible.

Perceiving no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.