**James JEWELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 4, 1956.

T. T. Burchell, Pleaz Wm. Mobley, Manchester, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

Appellant, James Jewell, age 27, married and the father of three children, was convicted in the Clay Circuit Court under KRS 435.080(2) of an attempt to commit rape upon a child under twelve years of age, and his punishment was fixed at five years' confinement in the penitentiary, the minimum penalty. A reversal of the judgment is urged because the evidence is insufficient to sustain the verdict, and the court failed to instruct on the whole law of the case.

The evidence of the prosecutrix, Louise Hubbard, a child eleven years of age, was to this effect:

She lives near Manchester, Kentucky, with her mother and six brothers and sisters in a home which has only one bedroom. On the evening of September 20, 1955, her mother and an older brother left home early in the evening and walked into Manchester to see a movie. Shortly thereafter the other children, of whom the eleven year old prosecutrix is the oldest, all went to bed in their usual positions in two of the three beds in the one bedroom. The prosecutrix was on the outside position of the front bed. Her sisters, Goldie and Frances, slept with her, one of them across the foot of the bed. The prosecutrix testified that she was awakened during the night by the appellant getting in bed with her. He got on top of her and "bothered" her. She got up and ran screaming through the house looking for her mother and brother, but they hadn't returned. She got over in another bed occupied by her ten year old sister, Norma Jean Hubbard, and one of the baby sisters. This awakened Norma Jean, who corroborated the prosecutrix' testimony that appellant followed her to that bed and again got in bed with her. Both sisters testified that appellant had on just his shirt, no pants, underwear, shoes or socks, and that his sex organs were exposed.

Appellant denies that he attempted to rape Louise. He says that he went to the house because he had a date with the mother; that all he did was shake Louise and awaken her to ask the whereabouts of her mother. Appellant says the evidence is insufficient because all the child says is that he "bothered" her. We think the known colloquial use of that term, together with the recited testimony, is sufficient to

sustain the conviction. We purposely have omitted lurid details.

The appellant further insists he is entitled to reversal because the court did not instruct on the whole law of the case in that it failed to instruct under KRS 435.-105. This section of our statutes was enacted in 1948 and makes it a crime, punishable by one to ten years' confinement in the penitentiary, for a person over seventeen years of age to indulge in any indecent or immoral practices with a child under fifteen. Appellant contends he was entitled to an instruction under this latter statute because the crime created by it is a lesser degree of the crime of attempt to commit rape upon a child under twelve years of age denounced in KRS 435.080(2).

We believe this contention is controlled by our decisions in the cases of Gilbert v. Commonwealth, 303 Ky. 298, 197 S.W.2d 247, and Logsdon v. Commonwealth, 215 Ky. 707, 286 S.W. 1067, as they have qualified our earlier holding in Meade v. Commonwealth, 214 Ky. 88, 282 S.W. 781. Upon a review of prior conflicting decisions, the court held in the latter case that the crime of detaining a woman against her will, which carries a lesser penalty, may be a degree of the crime of attempted rape of an infant under the age of twelve, under the particular evidence of a given case. However, it was pointed out soon afterward in Logsdon v. Commonwealth, 215 Ky. 707, 286 S.W.2d 1067, and reiterated in the case of Gilbert v. Commonwealth, 303 Ky. 298, 197 S.W.2d 247, that the evidence may not warrant the giving of an instruction on that offense, just as every charge of murder does not necessarily call for an instruction on voluntary manslaughter. In both of those cases, as in this, the appellant denied he had harmed the child in any way, and under the facts related by the child he was guilty of attempted rape or nothing. The evidence was held not to authorize an instruction on the lesser crime in both those cases, and also in Wright v. Commonwealth, 267 Ky. 441, 102 S.W.2d 376. Under the particular facts of a given case, it might now be necessary in this type of prosecution for the court to instruct on detaining a woman against her will, KRS 435.110, and on the relatively new statutory crime of indulging in indecent or immoral practices with a child under fifteen, KRS 435.105. But where the appellant denies he harmed the child in any way and the evidence of the prosecution makes out a case of attempted rape of a child under twelve and nothing else, instructions on the lesser crimes are not warranted for the only issue presented is whether the appellant attempted to rape the child and not whether he detained her against her will or whether he indulged in indecent or immoral conduct within the purview of KRS 435.105.

The judgment is affirmed.