**Will SHEPHERD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1959.

J. K. Beasley, Harlan, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

Appellant, Will Shepherd, was convicted of the crime of attempted rape of an 11 year old girl and was sentenced to confinement in the penitentiary for a period of 15 years.

The technical nature of the errors, which appellant insists the trial court committed, relieves us of the duty to make a detailed statement of facts. It is enough to state that the child's version of the occurrence, supported by an eyewitness, was sufficient to establish the crime of attempted rape. Appellant denied that he had at any time harmed the child and stated that at the time of the alleged attempt, he was in Cincinnati visiting his sick wife.

Specifically, appellant suggests these grounds for reversal: (1) The court erred in directing the jury not to consider the evidence given by Jane Daniels as to the general reputation of appellant for good moral character; and (2) the court failed to instruct on the whole law of the case.

■ On direct examination, Jane Daniels testified that appellant's reputation was good. Under cross-examination she testified that she had never heard anyone discuss his reputation. Thereupon, the court admonished the jury not to consider her evidence.

In Davenport v. Commonwealth, 285 Ky. 628, 148 S.W.2d 1054, it was held that where a witness knows the accused and the people in the community wherein he resides, and the witness' position is such that he probably would have heard derogatory statements concerning accused, if any had been made, he is competent to testify that defendant's reputation is good, even though the witness had never heard it discussed. So, it was error to admonish the jury to disregard the evidence, and it remains for us to determine whether this fault was sufficiently prejudicious to require reversal. Criminal Code of Practice, Section 340.

The defense produced five other witnesses who testified that appellant's moral reputation was good. The commonwealth made no attempt to prove anything to the contrary. The fact of appellant's reputation was proven by an abundance of testimony. The evidence offered by Jane Daniels was cumulative. This court will

not grant a new trial because of the admission or exclusion of cumulative evidence when the fact in issue has been established by other witnesses. Harlan v. Commonwealth, 253 Ky. 1, 68 S.W.2d 443.

In connection with the instructions, appellant complains because no instruction was given which submitted the lesser crime denounced by KRS 435.105. This section deals with indecent or immoral practices with a child under the age of 15 years. The argument is based on the fact that the victim was not touched by appellant's sexual organ—there was a premature ejaculation—and it is insisted that this case is only one of immoral practices.

In Nider v. Commonwealth, 140 Ky. 684, 131 S.W. 1024, we said that a person who takes possession of a female under the age of consent, lays hands on her and endeavors to have intercourse, but fails, is guilty of an attempt to rape.

These elements were clearly proven by the commonwealth, and while it is obvious that rape and attempted rape must involve indecent exposure and immoral practice, we have heretofore pointed out that it is not necessary in all cases to instruct on the lesser offense or offenses.

In Jewell v. Commonwealth, Ky., 290 S. W.2d 47, the accused was tried under indictment for attempted rape of a child under 12 years of age and the evidence made out a case of attempted rape and nothing else (as here). The accused denied that he had harmed the child in any way. It was held that the court's refusal to instruct on the lesser crimes of detaining a woman against her will (KRS 435.110) or of indulging in immoral practices (KRS 435.105) was proper.

In the instant case, appellant not only denied that he had ever been with the child, but also testified that he was in Ohio at the time the offense was alleged to have been committed.

The judgment is affirmed.