**Charles R. FAULKNER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1961.

Frank E. Haddad, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Appellant was convicted of engaging in indecent practices with a child under fifteen years of age as denounced by KRS 435.105, and was sentenced to serve a term of three years in prison. In seeking to reverse the conviction it is urged that: The evidence does not support the verdict; the jury was not instructed upon the whole law of the case; the court erred in answering a question of a juror and in permitting prejudicial argument by the commonwealth's attorney.

The victim of the alleged offense, who was then 12 years old, testified that, while she was swimming in a public pool during the afternoon of July 6, 1959, appellant approached her in the pool and asked her if she wanted him to give her swimming instructions. She stated that she was not acquainted with appellant and rejected his offer. When she later happened to be in the same area of the pool as appellant, he approached her again and seized her by her wrist and managed to get his knee between her legs. She stated that, when she successfully resisted his attempt to get his hands inside her swimming suit, he then proceeded to rub his hand over her breasts and between her legs; that he asked her, "Does that feel good," and when she gave a negative reply, he said, "Well, I know it does. This helps me more than it does you." She also testified, in effect, that she was afraid to make an outcry because she had seen appellant exhibit a quick temper earlier that afternoon, but that when she arrived at her home she informed her mother about being molested at the pool.

Appellant, who was 28 years old at the time of the occurrence of the alleged offense, denied that he had rubbed his hand over the child's breasts, or between her legs, or that he molested her in any manner. He stated that he had merely demonstrated certain swimming strokes to her and that he had touched her body only when it was necessary to show her how to manually execute the strokes in the water.

■ Appellant contends that the Commonwealth failed to prove that he had touched the child with an evil or lustful intent. Therefore, it is urged that he was entitled to a directed verdict of acquittal.

This argument ignores the child's testimony concerning appellant's behavior with her as well as the suggestive remarks he made to her while his hands were upon her body. The child's testimony was sufficient proof of appellant's criminal intention to take the case to the jury and to sustain the verdict rendered.

Appellant contends that the verdict is not sustainable as a matter of law because there was no evidence of the carnal abuse of the child which was required by instruction number one.

■ In Clark v. Commonwealth, Ky., 274 S.W.2d 654, we held that only one offense is denounced by KRS 435.105, i.e., indecent or immoral practices with a child under 15 years of age by a person 17 years of age or older. There are various ways the statute may be violated, one of which is the carnal abuse of a child. In the instant case the evidence of appellant's behavior with the child, specifically the child's testimony concerning the manner in which the private parts of her body were molested, was sufficient to support a finding that appellant had carnally abused her in the normal meaning of those words.

■ It is urged that appellant was entitled to an affirmative instruction. Under the instruction submitting the Commonwealth's theory of the case the jury could not convict appellant unless the jury believed from the evidence that appellant had unlawfully, wilfully and feloniously carnally abused the child and had engaged in indecent practices with her. Since the negative of that instruction (raised by the reasonable doubt instruction) adequately embraced the defense of the accused it was not necessary to give an affirmative instruction. Whitaker v. Commonwealth, Ky., 302 S.W. 2d 601; Horn v. Commonwealth, Ky., 251 S.W.2d 864.

■ Appellant insists that the court erred in failing to give an attempt instruction. In support thereof, appellant relies upon the fact that he did not get his hands inside the child's bathing suit. He construes this failure as showing an attempt to commit the offense. However, as we view the case the offense was or was not consummated, depending upon which of the conflicting versions of the incident was believed by the jury. Under this view appellant was not entitled to an attempt instruction because there was no evidence to support it.

■ Appellant asserts that it was error not to give an instruction on assault and battery. While it is apparent that engaging in indecent practices with a child must involve an assault, we have frequently held that it is not necessary in all cases to instruct on the lesser offense or offenses. Shepherd v. Commonwealth, Ky., 327 S.W. 2d 956; Jewell v. Commonwealth, Ky., 290 S.W.2d 47; Gilbert v. Commonwealth, 303 Ky. 298, 197 S.W.2d 247; Logsdon v. Commonwealth, 215 Ky. 707, 286 S.W. 1067. Since appellant denied that he had indulged in indecent practices with the child or that he had otherwise assaulted her the failure to give an instruction on assault and battery was not prejudicial because the only issue was whether appellant had committed the offense denounced by KRS 435.105.

■ After counsel had made their argument to the jury one of the jurors asked the trial judge whether "guards on duty at swimming pools have police powers." The judge replied he was not advised concerning their police powers but that they were there principally to safeguard the children. Appellant objected and moved for a discharge of the jury. The motion was overruled and an exception was taken to this ruling. We do not construe the judge's remark as either additional proof or as an oral instruction. The colloquy was so irrelevant to the issue of the case that appellant was not prejudiced by it.

As concerns the argument of the commonwealth's attorney we find that the reference made to the good character of the prosecuting witness was justified by the

record and that the plea for conviction did not have the effect of coercing the jury to reach a verdict which would merely meet with public favor.

Judgment affirmed.