**John H. WILLIAMS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 3, 1982.

Discretionary Review Denied Oct. 28, 1982.

Steven L. Beshear, Atty. Gen., H. Davis Sledd, William L. Davis, Asst. Attys. Gen., Frankfort, for appellee.

Before WHITE, HOWERTON and WILHOIT, JJ.

WHITE, Judge.

This is an appeal from an order of the Fayette Circuit Court overruling appellant's RCr 11.42 motion to vacate judgment.

Appellant was convicted pursuant to a jury trial of theft by unlawful taking, over $100.00, and for being a persistent felony offender in the first degree. On direct appeal to the Supreme Court of Kentucky, his convictions were affirmed. On November 4, 1981, appellant filed an RCr 11.42 motion to vacate judgment. In essence, appellant argued that he was denied the effective assistance of counsel during the persistent felony offender stage of his trial for the reason that while the evidence was insufficient to support a first-degree conviction, no objection was made by counsel. The trial court overruled appellant's motion and further denied his request for an evidentiary hearing. This appeal followed.

Appellant argues that he was denied the effective assistance of counsel and deprived of due process of law during the persistent felony offender stage of his trial and that the court erred in denying his motion for an evidentiary hearing.

The evidence presented during the persistent felony offender stage of the trial indicated that appellant was convicted on four (4) counts of forgery in August 1973. He was imprisoned thereon but discharged by parole on August 29, 1974. He was returned to prison as a parole violator February 4, 1975. He was again released on parole and on June 2, 1976, was convicted of theft by unlawful taking and sentenced to four (4) years' imprisonment for a crime committed on February 21, 1976.

During the persistent felony offender stage of appellant's trial, this evidence was presented to the jury, and the jury found

Jack Emory Farley, Public Advocate, Commonwealth of Kentucky, Timothy T. Riddell, Asst. Deputy Public Advocate, Frankfort, for appellant.

that appellant had been convicted of two (2) prior felonies and thus found appellant guilty as a persistent felony offender in the first degree. No objection was made by trial counsel to the instructions, and no motion for directed verdict was presented. On a direct appeal to the Supreme Court, no reference was made to this possible illegality of the persistent felony offender conviction.

■ Since this issue was not preserved for appeal and was not raised on direct appeal, we will not consider the merits of the sufficiency of the evidence on appellant's persistent felony offender conviction as it relates to appellant's due process contentions raised in his motion to vacate judgment. *Bronston v. Commonwealth,* Ky., 481 S.W.2d 666 (1972). However, we must consider appellant's contention in this regard with respect to his argument that he was denied the effective assistance of counsel.

Appellant's argument is that KRS 532.-080(4) provides that where a person serves concurrent terms of imprisonment, they shall be treated as one conviction for purposes of being a persistent felony offender. Appellant reads the statute to require this even when, as here, prison time has been served after the first conviction and the second crime is committed while on parole from the first conviction. Appellant cited as authority in the trial court an unpublished opinion of the Supreme Court of Kentucky. That case is not authority, and we do not read the statute as does appellant.

■ Appellant's suggested interpretation of KRS 532.080(4) would erode the purpose of the statute. Without analyzing the entire history and purposes of the statute, it is enough to say that the statute is designed to strengthen the Commonwealth's attempts at rehabilitation of convicted persons. Greater penalties are sanctioned for those persons who, after serving a prison term for a conviction, demonstrate the futility of their rehabilitation by committing other crimes after their release. The concurrent sentence break is provided only to those who may have committed more than one crime but received their sentences for these crimes prior to serving any time in prison.

This is made precisely clear by the Commentary to the Statute. The Commentary states:

When an individual has been convicted two times *before serving any time in prison,* his convictions shall be considered a single conviction for purposes of this section. (Emphasis added.)

The Commentary further states:

Since the persistent felony offender classification is one designed principally for individuals who have demonstrated lack of capacity for rehabilitation, the provision as a whole contains a change of direction in sentencing objectives, i.e., from rehabilitation of individual offenders to protection of the public by incapacitation of dangerous individuals.

■ It is clear from the wording of the statute and the Commentary thereto that a person who, in appellant's situation, serves time in prison for a felony, is released on parole, commits another crime and is resentenced to prison, that upon his release again and third conviction, he has two prior felonies for purposes of a persistent felony offender charge. That is, the rehabilitative efforts on his first conviction failed, the rehabilitative efforts on his second conviction failed, and he is, under the statute, a persistent felony offender in the first degree upon receiving his third conviction. *Cf. Zachery v. Commonwealth,* Ky., 580 S.W.2d 220 (1979). Therefore, appellant's argument that his counsel was ineffective for not raising a meritless contention is without merit. Certainly, appellant's counsel's performance at the trial was not a farce and mockery of justice. *Nickell v. Commonwealth,* Ky., 565 S.W.2d 145 (1978) (the rule in effect at the time of appellant's trial). Nor can it be said to have violated

the rule as enunciated in the case of *Henderson v. Commonwealth,* Ky., 636 S.W.2d 648, 29 Ky.L.Summ. 8 (1982), "that the assistance of counsel required under the Sixth Amendment is counsel reasonably likely to render and rendering reasonably effective assistance."

Since appellant's motion to vacate was fully answered by the record, an evidentiary hearing was not necessary, and the court did not err in denying such a hearing.

*Newsome v. Commonwealth,* Ky., 456 S.W.2d 686 (1970).

The order of the Fayette Circuit Court is affirmed.

All concur.