William COMBS, Movant,

v.

COMMONWEALTH of Kentucky, Respondent.

Supreme Court of Kentucky.

July 6, 1983.

Jack Emory Farley, Public Advocate, William M. Radigan, Asst. Public Advocate, Frankfort, for movant.

Steven L. Beshear, Atty. Gen., Paul E. Reilender, Jr., Asst. Atty. Gen., Frankfort, for respondent.

VANCE, Justice.

Movant, William Combs, was convicted of theft by unlawful taking and wanton endangerment in the first degree. The five-year sentence recommended by the jury for wanton endangerment was enhanced to 12 years by a jury which found him guilty as a first degree persistent felony offender. The Court of Appeals affirmed the judgment. We granted discretionary review to consider two issues raised by movant.

Combs contends that the jury should have been instructed on second degree wanton endangerment, a lesser included offense. The issue was preserved for review by a request that the trial court instruct on second degree wanton endangerment.

Combs was seen leaving a Kroger Grocery Store with articles he had not paid for. Glenn Brown, a lieutenant at the Fayette Detention Center, was working part-time as a security officer for Kroger. He and other store employees gave chase and caught Combs. Combs resisted arrest and Brown wrestled him to the ground and succeeded in getting handcuffs on one hand. In the struggle Combs managed to get possession of Brown's pistol and fired two shots while Brown had him on the ground. One of the shots was discharged when, Tony Slone, another Kroger employee, was standing right beside the gun.

As the shooting commenced, Combs broke loose from Brown and Brown and the other employees took cover. Combs fired the weapon six times. One of the shots was discharged in the immediate vicinity of the foot of Tony Slone, another was fired almost point blank at Officer Brown but missed him, and another of the shots came within fifteen feet of Scott Warrell as he was fleeing.

A person is guilty of wanton endangerment in the first degree when, under circumstances manifesting extreme indifference to the value of human life, he wantonly engages in conduct which creates a substantial danger of death or serious physical injury to another person. K.R.S. 508.060.

A person is guilty of wanton endangerment in the second degree when he wantonly engages in conduct which creates a substantial danger of physical injury to another person. K.R.S. 508.070.

There are thus two differences in the degrees of wanton endangerment. The higher degree requires that the conduct be wanton under circumstances manifesting an extreme indifference to the value of human

life while the lower degree requires only that the conduct be wanton. The higher degree requires conduct which creates a substantial danger of death or serious physical injury while the lower degree is satisfied by conduct which only creates a substantial danger of physical injury.

It is immediately obvious that evidence which will sustain a conviction for first degree wanton endangerment is also sufficient to sustain a conviction for second degree wanton endangerment. That is not to say, however, that an instruction on the lesser included offense must always be given. See *Faulkner v. Commonwealth*, Ky., 343 S.W.2d 581 (1961).

Our cases have now established that an instruction on a lesser included offense is not required unless the evidence is such that a reasonable juror could doubt that the defendant is guilty of the crime charged but yet conclude that he is guilty of a lesser included offense. *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75 (1977); *Muse v. Commonwealth*, Ky., 551 S.W.2d 564 (1977); *Trent v. Commonwealth*, Ky.App., 606 S.W.2d 386 (1980).

■ Applying this standard to the evidence of this case, we hold that a reasonable juror could not doubt that Combs acted wantonly under circumstances which manifested an extreme indifference to the value of human life and, likewise, a reasonable juror could not doubt that his conduct created a substantial danger of death or serious physical injury to another person. It was not error, therefore, to refuse to give the instruction on second degree wanton endangerment.

Combs also contends that his conviction as a persistent felony offender in the first degree was erroneous because he had not been convicted previously of two or more felonies. He was convicted in 1974 on a charge of burglary and sentenced to imprisonment for five years. In 1975, after service of a part of his sentence, he was paroled. Later in 1975 he committed a second felony and was sentenced to four years' imprisonment, the sentence to run concur-

rently with any sentence the defendant was then serving.

K.R.S. 532.080(4) provides that for the purpose of determining whether a person has two (2) or more previous felony convictions, two or more convictions of crimes for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be one (1) conviction, unless one of the convictions was for an offense committed while imprisoned.

■ Combs contends that inasmuch as his second felony conviction sentence ran concurrently with his service of the first sentence, the two convictions amount to only one conviction for proceeding against him as a persistent felony offender. We note, however, that only a part of the first sentence was served concurrently with the second sentence, part of it having already been served before the conviction of the second felony.

The 1974 commentary to the criminal code makes it plain that the intent of the persistent felony offender statute was to restrict its application to persons who have been previously exposed to an institutional rehabilitative effort and that when an individual has been convicted two times before being exposed to the institutional rehabilitation efforts afforded by a term of imprisonment, the two convictions shall count only as one in persistent felony offender proceedings. The commentary states that this is another effort to avoid the label of persistent felony offender for persons who might be rehabilitated through an ordinary term of imprisonment for the offense most recently committed.

The persistent felony offender statute has been amended since its enactment in 1974. Nothing in the amendments, however, indicates any legislative intent to repudiate the 1974 commentary. One amendment created the offense of second degree persistent felony offender upon conviction of a felony after previously having been convicted of one felony. The amendment retained the concept of not regarding an individual as a persistent offender unless he

has been exposed to some rehabilitative effort.

A second amendment now no longer requires actual imprisonment in the definition of conviction. A probated sentence now comes within the definition of a conviction, whereas under the 1974 Act it did not. K.R.S. 532.080(2)(c)(2) and 532.080(3)(c)(2). This amendment recognizes that probation of a sentence is subject to the supervision of a probation officer and the court and that probation is in itself, an effort toward rehabilitation. A person who has previously been convicted of a felony and probated may now be convicted as a persistent felony offender for the commission of a subsequent felony.

Combs relies upon *Zachery v. Commonwealth*, Ky., 580 S.W.2d 220 (1979). It is not controlling because Zachery, unlike Combs, was probated and had not served any time in prison as a result of his first conviction when he was sentenced for a second time. We need not decide here whether the precedential value of *Zachery* is impaired by the present statutory language which permits a probated sentence to qualify as a conviction for persistent felony offender purposes. *Zachery* is simply distinguishable on the facts of the case.

The precise issue in question was considered in *Williams v. Commonwealth*, Ky. App., 639 S.W.2d 788 (1982) as follows:

Appellant's argument is that KRS 532.-080(4) provides that where a person serves concurrent terms of imprisonment, they shall be treated as one conviction for purposes of being a persistent felony offender. Appellant reads the statute to require this even when, as here, prison time has been served after the first conviction and the second crime is committed while on parole from the first conviction. . . .

Appellant's suggested interpretation of KRS 532.080(4) would erode the purpose of the statute. Without analyzing the entire history and purposes of the statute, it is enough to say that the statute is designed to strengthen the Commonwealth's attempts at rehabilitation of convicted persons. Greater penalties are sanctioned for those persons who, after serving a prison term for a conviction, demonstrate the futility of their rehabilitation by committing other crimes after their release. The concurrent sentence break is provided only to those who may have committed more than one crime but received their sentences for these crimes prior to serving any time in prison.

This is made precisely clear by the Commentary to the Statute. The Commentary states:

When an individual has been convicted two times *before serving any time in prison,* his convictions shall be considered a single conviction for purposes of this section. (Emphasis added.)

The Commentary further states:

Since the persistent felony offender classification is one designed principally for individuals who have demonstrated lack of capacity for rehabilitation, the provision as a whole contains a change of direction in sentencing objectives, i.e., from rehabilitation of individual offenders to protection of the public by incapacitation of dangerous individuals.

It is clear from the wording of the statute and the Commentary thereto that a person who, in appellant's situation, serves time in prison for a felony, is released on parole, commits another crime and is resentenced to prison, that upon his release again and third conviction, he has two prior felonies for purposes of a persistent felony offender charge. That is, the rehabilitative efforts on his first conviction failed, the rehabilitative efforts on his second conviction failed, and he is, under the statute, a persistent felony offender in the first degree upon receiving his third conviction. . . . . *Id.* at 790.

The Judgment is affirmed.

All concur.