**COMMONWEALTH of Kentucky, Movant,**

v.

**Steven Ellis HINTON, Respondent.**

Supreme Court of Kentucky.

July 5, 1984.

Rehearing Denied Nov. 15, 1984.

Steven L. Beshear, Atty. Gen., Penny R. Warren, Asst. Atty. Gen., Frankfort, for movant.

Frank W. Heft, Chief Appellate Defender, J. David Niehaus, Asst. Dist. Defender, Louisville, for respondent.

STEPHENSON, Justice.

Steven Ellis Hinton was convicted of burglary in the third degree and sentenced to fifteen years' imprisonment after a determination that he was a persistent felony offender in the first degree. On appeal the conviction of burglary in the third degree was affirmed, but the Court of Appeals reversed the judgment of guilt of being a persistent felony offender in the first degree. We granted discretionary review and reverse the decision of the Court of Appeals.

This appeal calls into question the application of *Zachery v. Commonwealth,* Ky., 580 S.W.2d 220 (1979), in construing KRS 532.080(4), which provides:

"(4) For the purpose of determining whether a person has two (2) or more previous felony convictions, two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one conviction, unless one (1) of the convictions was for an offense committed while that person was imprisoned."

The 1974 Commentary to this section of the statute states:

"... When an individual has been convicted two times before serving any time in prison, his convictions shall be considered a single conviction for purposes of this section. This is another effort to avoid the label of persistent felony offender for persons who might be rehabilitated through an ordinary term of imprisonment for the offense most recently committed."

The Court of Appeals' opinion relied upon our holding in *Zachery* that probated sentences merged into the sentence of imprisonment to form one prior conviction. The Commentary was used as a basis for the holding.

As background to the problem presented here, Hinton was convicted in 1973 of carrying a concealed deadly weapon and dwelling house breaking for which he received concurrent three- and five-year sentences, both probated. In 1975, while on probation, Hinton committed second-degree possession of a forged instrument. The prior probation was revoked, and Hinton was sentenced to a ten-year term of imprisonment, withheld for five years, to be served consecutively with the earlier sentences. Hinton was paroled in 1977 and was discharged from parole in 1980, the year before the present offense of third-degree burglary was committed.

In 1976, the General Assembly repealed KRS 532.080(2)(c), one of the subsections that defined a persistent felony offender. This subsection had required "[t]hat the defendant was imprisoned under sentence

for such conviction prior to the commission of the present felony." The statute was later amended to provide a definition, among other provisions in KRS 532.080(2) and (3): "That the offender ... 2. Was on probation, parole, conditional discharge, conditional release, furlough, appeal bond, or any other form of legal release from any of the previous felony convictions at the time of commission of the felony for which he now stands convicted; or 3. Was discharged from probation, parole, conditional discharge, conditional release, or any other form of legal release on any of the previous felony convictions within five (5) years prior to the date of commission of the felony for which he now stands convicted." The same definition then was recited to describe a persistent felony offender in the first degree.

We are of the opinion these amendments, which did away with the requirement for actual imprisonment and directed that convictions which resulted in probation, parole, etc., should be included in prior convictions, effectively did away with the reasoning which composed the foundation of *Zachery*.

While the Commentary is a source of interpretation for the original Act, once there is an amendment the portion of the Commentary on that subject loses its validity. The Commentary cited *supra* was cast in relation to a statute that required actual imprisonment and is now repealed, hence is no longer applicable.

We are of the further opinion the precedential value of *Zachery* in relying on the Commentary to interpret KRS 532.080(4) is no longer valid, and *Zachery* is overruled.

We further observe that KRS 532.080(4), which has remained unchanged throughout, simply does not apply to a situation here for the purpose of preventing the Commonwealth from using probated sentences as prior felony convictions. We do not express an opinion as to the application of this section of the statute in other situations.

The decisions of the Court of Appeals is reversed.

STEPHENS, C.J., and AKER, GANT, STEPHENSON, VANCE and WINTERSHEIMER, JJ., sitting.

All concur.

LEIBSON, J., not sitting.