817 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James DUGAN, Petitioner-Appellant,
v.
Al PARKE, Warden Kentucky State Penitentiary, Respondent-Appellee.
 No. 86-5945.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1987.
 
 Before KEITH, Circuit Judge, and WEICK and CONTIE, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner James Dugan appeals from an order of the district court denying his petition for a writ of habeas corpus. Dugan challenges his conviction, claiming ineffective assistance of counsel. For the reasons set forth below, we reverse and remand.
 
 I.
 
 2
 In February, 1979, Dugan entered a plea of guilty to two felony counts of second-degree criminal possession of a forged instrument. He was sentenced to a single term of five years in the Kentucky State Reformatory. This sentence was probated for five years; therefore, Dugan served no time in prison. In April, 1979, while still on probation for his prior conviction, Dugan entered a plea of guilty to one felony count of forging in the second-degree and to being a second-degree persistent felony offender. He was sentenced to a term of five years and committed to the custody of the state department of corrections. In May, 1979, Dugan's prior probation was revoked because he had violated the terms of his probation and it was ordered that his term of imprisonment would be served concurrently with the April, 1979 sentence.
 
 
 3
 In December, 1981, upon the advice of counsel, Dugan entered a guilty plea to one felony count of criminal possession of a forged instrument and to being a first-degree persistent felony offender. He was sentenced to a term of three years which was enhanced to a term of 11 years pursuant to Kentucky's sentence enhancement statute for habitual offenders, Ky.Rev.Stat. Sec. 532.080. In March, 1982, Dugan filed a motion in the trial court seeking relief from this sentence contending that there were insufficient prior convictions to support the first-degree persistent felony conviction and that he was rendered ineffective assistance of counsel. This motion was denied without a hearing. Dugan appealed from this adverse ruling; however, the Court of Appeals affirmed the decision of the trial court.
 
 
 4
 In October, 1983, Dugan filed a petition for writ of habeas corpus in the United States District Court for the Western District of Kentucky which was referred to a magistrate. The magistrate filed a report and recommendation on April 30, 1986, in which he concluded that Dugan was denied effective assistance of counsel by counsel's failure to advise Dugan that his prior convictions did not meet the statutory requirements for the status of first-degree persistent felony offender. The magistrate further concluded that Dugan's prior convictions met the status of a second-degree persistent felony offender. Therefore, he recommended that the writ be conditionally granted upon Kentucky's right to rearraign Dugan as being a second-degree persistent felony offender. However, the district court rejected the magistrate's recommendation and denied Dugan's petition on August 14, 1986. The district court based its decision on the interpretation given to Kentucky's persistent felony statute by the Kentucky Supreme Court in Commonwealth v. Hinton, 678 S.W.2d 388 (Ky.1984). This timely appeal followed.
 
 II.
 
 5
 At the outset, we note that Dugan's conviction as a first-degree persistent felony offender was obtained as a result of his guilty plea to such status on the advice of his counsel. When a plea of guilty is entered upon the advice of counsel and the defendant later challenges his conviction on the basis that counsel's advice was somehow erroneous, the defendant must show that the attorney was incompetent or ineffective. Tollet v. Henderson, 411 U.S. 258, 267 (1973). If the defendant's plea of guilty was "based on reasonably competent advice [it] is an intelligent plea." McMann v. Richardson, 397 U.S. 759, 770 (1970).
 
 
 6
 In Hill v. Lockhart, 106 S.Ct. 366 (1985), the Supreme Court held that the two-pronged standard set forth in Strickland v. Washington, 466 U.S. 688, 687 (1984), applies to cases challenging the voluntariness of a plea by claiming ineffective assistance of counsel. Under that standard, the defendant must show both that his counsel's performance was deficient and that it prejudiced his defense in a manner which deprived him of a fair trial. Meeks v. Bergen, 749 F.2d 322, 327 (6th Cir.1984). Therefore, in analyzing Dugan's claim of ineffective assistance of counsel the court must review the performance aspect of counsel to determine whether "counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill, 106 S.Ct. at 369 (quoting McMann, 397 U.S. at 771). Second, the court must determine whether the defendant was prejudiced by counsel's ineffectiveness. To satisfy the prejudice requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 370.
 
 
 7
 In the instant case, Dugan contends that he was rendered ineffective assistance of counsel when he was advised by his counsel to plead guilty to the status of a first-degree persistent felony offender. In support of his argument he relies on pertinent parts of Kentucky's persistent felony offender statute, Ky.Rev.Stat. Sec. 532.080, and a Kentucky Supreme Court interpretation of the same which was applicable at the time he was convicted.
 
 
 8
 Ky.Rev.Stat. Sec. 532.080 in pertinent part provides that:
 
 
 9
 (3) A persistent felony offender in the first degree is a person who ... stands convicted of a felony after having been convicted of two (2) or more felonies.
 
 
 10
 ...
 
 
 11
 (4) For the purpose of determining whether a person has two (2) or more previously felony convictions, two (2) or more convictions of crime for which that person served concurrent ... terms of imprisonment shall be deemed to be only one conviction....
 
 
 12
 This provision, setting forth the procedure for determining whether a person has two or more prior convictions to meet the status of a first-degree persistent felony offender, is unambiguous and clearly set forth; the plain meaning of the language states that if concurrent terms were served, it is deemed to be one conviction for the purpose of the persistent felony offender statute. It is also clear that Dugan's prior convictions were served concurrently during the one prison term he served prior to his December, 1981 conviction. Moreover, judicial interpretation of this statute, in effect at the time of Dugan's plea, held that it was reversible error not to count prior convictions, when served concurrently, as one conviction for the purpose of meeting the status of a first-degree felony offender. Zachary v. Commonwealth, 580 S.W.2d 220 (Ky.1979).
 
 
 13
 "When an individual has been convicted two times before serving any time in prison, his conviction[s] shall be considered a single conviction for the purpose of this section."
 
 
 14
 Id. at 223 (quoting the 1974 Commentary to the Penal Code). After reviewing the statute in effect at the time of Dugan's conviction and the judicial interpretation of the pertinent part of the statute, we believe it is apparent that counsel's performance "fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 688, 688 (1984). Counsel should have challenged the sufficiency of Dugan's prior convictions to support a first-degree persistent felony charge or should not have advised a plea of guilty to first-degree persistent felony offender status because Dugan had only one "conviction" within the meaning of the statute.
 
 
 15
 Turning to the second-prong of the standard set forth in Hill, it is now necessary to determine whether Dugan was prejudiced by counsel's ineffectiveness. Respondent contends that there was no prejudice because Zachary was overruled five years later in Commonwealth v. Hinton, 678 S.W.2d 388 (Ky.1984). The district court accepted this contention and relied on Hinton to find that Dugan was not prejudiced. In Hinton, the Supreme Court of Kentucky held that convictions which resulted in probation should be included as a prior conviction when determining the status of a first-degree felony offender even if the prior conviction was subsequently served in prison concurrently with a later conviction. In support of this decision the court relied on a 1976 amendment to the statute as showing that the Zachary interpretation was now unwarranted. However, we note that this amendment had been in effect at the time of the Zachary ruling. Therefore, it would seem that the change in the court's interpretation of the statute was an unpredictable shift in the law.[1]
 
 
 16
 Respondent attempts to demonstrate that such a shift was forthcoming by citing Hinton and Combs v. Commonwealth, 652 S.W.2d 859 (Ky.1983), and arguing that the result in Hinton would have been applied to Dugan if he had not plead guilty but had instead gone to trial, been convicted as a first-degree persistent felony offender, and appealed to the Kentucky courts. However, dicta in Combs contradicts this argument. Moreover, it supports Dugan's contention that his prior convictions, which resulted in one prison term of concurrent sentences, should be counted as only one prior conviction for the purpose of determining his status, at the time of his conviction, under Ky.Rev.Stat. Sec. 532.080(4):
 
 
 17
 The 1974 commentary to the criminal code makes it plain that the intent of the persistent felony offender statute was to restrict its application to persons who have been previously exposed to an institutional rehabilitative effort and that when an individual has been convicted two times before being exposed to the institutional rehabilitation efforts afforded by a term of imprisonment, the two convictions shall count only as one in persistent felony offender proceedings. The commentary states that this is another effort to avoid the label of persistent felony offender for persons who might be rehabilitated through an ordinary term of imprisonment for the offense most recently committed.
 
 
 18
 The persistent felony offender statute has been amended since its enactment in 1974. Nothing in the amendments, however, indicates any legislative intent to repudiate the 1974 commentary.
 
 
 19
 Combs, 652 S.W.2d at 861.
 
 
 20
 Nevertheless, we are of the opinion that our inquiry should be limited to the state of the law at the time of Dugan's convictions. It is mere speculation to contend that the result in Hinton would have been applied to Dugan if he had not plead guilty but had instead gone to trial, been convicted as a first-degree persistent felony offender, and appealed to the Kentucky courts.
 
 
 21
 Based on the foregoing, we have determined that Dugan was, without question, prejudiced by his counsel's ineffectiveness. At the time of his guilty plea to first-degree persistent felony offender status, the pertinent statute, its commentary and case law could only lead to the conclusion that Dugan's convictions did not support such a plea. Having satisfied both prongs of the Hill standard, Dugan is entitled to his writ.
 
 
 22
 Although we have concluded that Dugan is entitled to relief, it is also apparent that his prior convictions appear to support a charge of second-degree persistent felony offender.[2] Therefore, we must condition his writ subject to the rights of the Commonwealth. To achieve this purpose, we have determined that Dugan shall be released from custody unless the Commonwealth rearraigns him on the charge of being a second-degree persistent felony offender pursuant to Ky.Rev.Stat. Sec. 532.080 within 45 days from the issuance of the writ.
 
 
 23
 Accordingly, the judgment denying the petition for a writ of habeas corpus is hereby REVERSED and this case is REMANDED to the district court for issuance of a conditional writ of habeas corpus in compliance with this per curiam.
 
 
 
 [1]
 Although we do not address the issue of retrospective application of criminal laws, retrospective application of Hinton in this case may be barred by the Due Process Clause. See, e.g., Marks v. United States, 430 U.S. 188 (1977) (unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates exactly like an ex post facto law and is barred by the Due Process Clause); United States v. Goodheim, 651 F.2d 1294 (9th Cir.1981)
 
 
 [2]
 "A persistent felony offender in the second-degree is a person who ... stands convicted of a felony after having been convicted of one (1) previous felony." Ky.Rev.Stat. Sec. 532.080(2)