79 F.3d 1148
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Byron MCCOWAN, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Respondent-Appellee.
 No. 95-5590.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1996.
 
 Before: KEITH, MARTIN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Byron McCowan, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1992, a jury convicted McCowan for possession of cocaine and for being a first degree persistent felony offender. McCowan received a total sentence of ten years imprisonment. In his direct appeal to the Kentucky Court of Appeals, McCowan argued that: 1) the court erroneously allowed the Commonwealth to strike a black juror without a sufficiently racially neutral reason; and 2) the court improperly denied McCowan's motion to suppress evidence. In a pro se supplemental brief, McCowan raised a third and a fourth claim, asserting that: 3) he was denied due process of law when he was found guilty of being a first degree felony offender when he is instead a second degree felony offender; and 4) he was denied due process of law when the court denied his motion to have the prosecution produce the informant for impeachment purposes.
 
 
 3
 The Kentucky Court of Appeals denied McCowan's claims on the merits. He subsequently filed a motion to reinstate his appeal with the Kentucky Court of Appeals, raising a fifth claim of ineffective assistance of counsel, but that motion was denied. The Kentucky Supreme Court denied discretionary review.
 
 
 4
 McCowan then filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, raising all five claims. The district court granted summary judgment for the respondent, and thus dismissed McCowan's petition. In his timely appeal, McCowan raises all five claims.
 
 
 5
 Initially, we note that the district court overlooked McCowan's fourth claim regarding the state's failure to produce the informant, but we conclude that the omission does not warrant vacating the district court's judgment because the claim is without merit and because relief on the fourth claim was at least implicitly denied. See Ford Motor Co. v. Transport Indemnity Co., 795 F.2d 538, 543 (6th Cir.1986).
 
 
 6
 Upon review, we conclude the district court properly dismissed McCowan's petition for habeas corpus relief because he has not shown the proceedings against him were fundamentally unfair. See Clemmons v. Sowders, 34 F.3d 352, 366 (6th Cir.1994). First, the peremptory strike of a black juror did not violate McCowan's rights under the Equal Protection Clause because the prosecutor offered a race neutral reason. See Georgia v. McCollum, 505 U.S. 42, 59 (1992). McCowan's second and fourth claims both concern the legality of the search and seizure and thus are not cognizable on habeas review. See Stone v. Powell, 428 U.S. 465, 494-95 (1976). Next, his conviction as a first degree persistent felony offender was consistent with state law and did not violate the Constitution. See Commonwealth v. Hinton, 678 S.W.2d 388 (Ky.1984). Finally, McCowan has not established that he received ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.