NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0257n.06

Case No. 16-6279

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 04, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| OMARI SWEAT, | ) | DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

_____/

**Before: GUY, CLAY, and WHITE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Defendant appeals the district court's imposition of a multiple-felony sentencing enhancement following his guilty plea to being a felon in possession of a firearm. We affirm.

**I.**

Assailants shot defendant eight times in a convenience store parking lot, then drove away. Defendant fired back 22 times in the direction of the assailants' vehicle, in close proximity to two bystanders, an adult and a child. He then disposed of the firearm in a nearby trash can, and handed a bag containing cocaine to another passerby who tried

to assist him. Police and emergency medical personnel arrived, identified defendant as the victim, and transported him to a hospital for his injuries. Meanwhile, officers searching the scene discovered defendant's firearm in the trash can. Officers later learned that defendant was a felon and thus illegally possessed the firearm.

Defendant pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). In the agreement, the prosecution recommended a four-level increase to defendant's base offense level because he possessed the firearm in connection with another felony offense – namely, tampering with evidence, first-degree wanton endangerment, and/or distribution of cocaine. *See* U.S.S.G. § 2K2.1(b)(6)(B). Defendant waived his right to appeal except as to this enhancement. The Presentence Investigation Report recommended the enhancement based on either first-degree wanton endangerment or evidence tampering. Defendant objected, arguing that he used the firearm in self-defense. The district court rejected the argument and found defendant's actions constituted both first-degree wanton endangerment and evidence tampering. The court applied the four-level enhancement and sentenced defendant to 71 months of imprisonment. He appeals, arguing that the prosecution put forth insufficient evidence of wanton endangerment or evidence tampering.

## II.

We review the district court's factual findings for clear error, "accord[ing] due deference to the fact-bound question of whether [defendant] possessed the firearm in connection with another felony." *United States v. Williams*, 601 F. App'x 423, 424 (6th Cir. 2015) (quoting *United States v. Taylor*, 648 F.3d 417, 431-32 (6th Cir. 2011)). We

review *de novo* its legal conclusions regarding the sentencing guidelines. *United States v.*

*Henry*, 819 F.3d 856, 864 (6th Cir. 2016).

## III.

### a. First-Degree Wanton Endangerment

Under Kentucky Revised Statutes Annotated (K.R.S.) § 508.060

> A person is guilty of wanton endangerment in the first degree when, under
> circumstances manifesting extreme indifference to the value of human life,
> he wantonly engages in conduct which creates a substantial danger of death
> or serious physical injury to another person.

Defendant cites *Gilbert v. Commonwealth* for the proposition that he cannot

satisfy the requirements of § 508.060 unless he pointed the gun at the persons purportedly

endangered – here, innocent bystanders. 637 S.W.2d 632, 634 (Ky. 1982). *Gilbert* is

distinguishable, however, because the defendant in that case never fired his gun. *Id*. at

633. Defendant also relies on *Ison v. Commonwealth*, 371 S.W.3d 533 (Ky. App. 2008).

*Ison* held that driving a powerful car with extremely worn tires, standing alone, does not

demonstrate the *mens rea* necessary to support a first-degree wanton endangerment

conviction. *Id*. at 536-37. *Ison* has nothing to do with firearms and is irrelevant here.

Further, the Supreme Court of Kentucky has upheld convictions for first-degree wanton

endangerment in circumstances much more similar to this case.

In *Combs v. Commonwealth*, the defendant took a firearm from a grocery store

security guard when the guard and other employees attempted to detain him for

shoplifting, and fired six times. 652 S.W.2d 859, 860-61 (Ky. 1983). He fired one shot

when an employee was "standing right beside the gun," and another shot "came within

fifteen feet of another employee." *Id*. at 860. The Court affirmed the defendant's conviction for first-degree wanton endangerment and the trial court's refusal to instruct the jury on second-degree wanton endangerment, holding that "a reasonable juror could not doubt that his conduct created a substantial danger of death or serious physical injury to another person." *Id*. at 861. In *Smith v. Commonwealth*, the intoxicated defendant fired multiple shots from atop a horse toward the porch of a nearby home, killing one of six occupants. 410 S.W.3d 160, 166 (Ky. 2013). As relevant here, the Court affirmed the defendant's three first-degree wanton endangerment convictions (one for each individual seated near the deceased), ruling that his conduct "exhibited an extreme indifference to the value of human life and created a substantial danger of death or serious physical injury." *Id*. Finally, we upheld a § 2K2.1(b)(6)(B) enhancement for first-degree wanton endangerment under Kentucky law where the defendant fired multiple shots "in the immediate vicinity of other individuals in a densely populated area while intoxicated and engaged in an argument[.]" *United States v. Kelley*, 585 F. App'x 310, 313 (2014) (per curiam) (internal quotation marks omitted).

In *Combs*, *Smith*, and *Kelley*, it was irrelevant that the defendant did not target those he endangered. The text of § 508.060 supports this reasoning. Defendant's proposed targeting requirement suggests a *mens rea* of intent, whereas § 508.060 describes a lesser standard of "extreme indifference" – akin to "aggravated wanton[n]ess." *Kelley*, 585 F. App'x at 312 (quoting *Swan v. Commonwealth*, 384 S.W.3d 77, 201 (Ky. 2012), as corrected (Sept. 11, 2012), as modified on denial of reh'g (Dec. 20, 2012)). Wanton endangerment is about circumstances as much as intent,

*see Belden v. Commonwealth*, No. 2011-SC-000699, 2013 WL 3155839, at *5 (Ky. June 20, 2013), and firing 22 shots in the immediate vicinity of bystanders is a circumstance exhibiting extreme indifference to the value of human life. Defendant's self-defense argument fails for much the same reason: a self-defense justification is not available to a defendant who "wantonly or recklessly . . . creates a risk of injury to innocent persons. K.R.S. § 503.120(2). The district court thus properly enhanced defendant's sentence based on first-degree wanton endangerment.

### b. Evidence Tampering

K.R.S. § 524.100(1) provides:

> A person is guilty of tampering with physical evidence when, believing that an official proceeding is pending or may be instituted, he: (a) Destroys, mutilates, conceals, removes or alters physical evidence which he believes is about to be produced or used in the official proceeding with intent to impair its verity or availability in the official proceeding[.]

The official commentary to § 524.100 makes it clear that "a conviction of this offense may be obtained even if the tampering occurred prior to the initiation of an official proceeding" so long as the defendant "engages in the proscribed conduct with the specified intent to impair the truth or availability of evidence[.]" *Burdell v. Commonwealth*, 990 S.W.2d 628, 633 (Ky. 1999). Moreover, a jury may infer from circumstantial evidence a defendant's specific intent to conceal evidence he believed could be used in a proceeding against him. *See Commonwealth v. Wolford*, 4 S.W.3d 534, 539 (Ky. 1999).

Defendant is correct that, under *McAtee v. Commonwealth*, a defendant does not tamper with evidence simply by leaving the scene of a crime with the weapon used to commit it.  413 S.W.3d 608, 616 (Ky. 2013).  But *McAtee* is inapposite, as defendant did not leave the scene of the crime with his firearm.  Furthermore, the Court in *McAtee* recognized that "walking away from the scene with the gun is not enough to support a tampering charge *without evidence of some additional act demonstrating an intent to conceal*."  *Id*. (emphasis supplied).  Defendant's attempt to dispose of the gun in a trash can is a separate act showing his intent to conceal unlawful possession of the firearm – the very offense to which he pleaded guilty.

Kentucky courts have upheld convictions for evidence tampering where a defendant disposed of a BB gun after a shooting, *see Coffman v. Commonwealth*, No. 2004-CA-002140-MR, 2005 WL 3334356, at *3 (Ky. Ct. App. Dec. 9, 2005), and where a defendant, charged as an accessory, disposed of a principal's spent casings, *see Nourse v. Commonwealth*, No. 2005-CA-002080-MR, 2006 WL 2919054, at *2 (Ky. Ct. App. Oct. 13, 2006).  Evidence tampering therefore provided an alternative basis for the district court's § 2K2.1(b)(6)(B) sentencing enhancement.

**AFFIRMED.**