RENDERED: MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0165-MR

JOHN T. BOSTON                                              APPELLANT

v.      APPEAL FROM JEFFERSON CIRCUIT COURT
        HONORABLE BRIAN C. EDWARDS, JUDGE
        ACTION NOS. 01-CR-000939 AND 01-CR-002488

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, LAMBERT, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  John Boston appeals from an Order Denying Motion to

Vacate entered by the Jefferson Circuit Court on January 12, 2023, denying relief

pursuant to Kentucky Rule of Civil Procedure (CR) 60.02.  We affirm.

        This is Boston's second post-conviction appeal of his underlying

felony convictions.  In 2004, Boston previously appealed an order of the Jefferson

Circuit Court denying relief pursuant to Kentucky Rule of Criminal Procedure

(RCr) 11.42.  This Court summarized the factual and procedural background of

Boston's underlying felony convictions as follows:

> On April 18, 2001, Appellant, John Boston (Boston), was indicted in Jefferson County, Kentucky, on two counts of robbery in the first degree, one count of burglary in the first degree, one count of fleeing or evading the police in the first degree, and one count of cruelty to animals in the second degree in case number 01-CR-939.  Also named in this indictment was Carl Roderick Bruce (Bruce).

> The indictment stemmed from an incident on April 9, 2001, in which Anthony and Frieda Polio were robbed in their home at gunpoint by two men wearing ski masks. The Polios' dog was also killed by the assailants during the incident.  The Polios were bound with duct tape in their bedroom then robbed by the two armed men.  When finished, the two men left the home.  However, the two men quickly returned to the parties' bedroom because they were unable to open the Polios' garage door.  The two men released Mr. Polio (Polio) to open the garage door for them.  After Polio opened the door, the two men left in his car.  Polio returned to his bedroom to free his wife so she could call the police.  Polio then began a car chase with the two men.  During the chase, the two men changed cars and Polio continued to follow the other car. Shortly thereafter, the local police joined Polio in the chase.  At one point, the car slowed down enough so that Bruce could jump out.  Bruce dropped a pillow case containing evidence from the robbery of the Polios while jumping from the automobile.  Bruce was quickly apprehended by the police.  The driver continued to flee, later abandoning the car and evading the police that evening.

> While in police custody, Bruce implicated Boston as his accomplice in the criminal acts against the Polios. Also, the police gathered Boston's driver's license and

-2-

work photo identification card attached to the keys in the ignition from the automobile used by the two men. Boston eluded the police until May 2002.

On October 25, 2001, Boston, was indicted in Jefferson County, Kentucky on a charge of persistent felony offender in the first degree in case number 01-CR-2488 due to prior felony convictions in the following Jefferson County cases 95-CR-1943 (receiving stolen property); 96-CR-1089 (three counts of burglary in the third degree); 82-CR-797 (three counts of robbery in the first degree, one count of burglary in the first degree, and two counts of burglary in the third degree); and 82-CR-509 (burglary in the first degree). Case numbers 01-CR-2488 and 01-CR-939 were consolidated.

Boston accepted the Commonwealth's offer to the consolidated cases and entered a guilty plea on all charges on June 23, 2003. A Judgment and Conviction of Sentence was entered on June 25, 2003, resulting in Boston receiving twenty years for each count of robbery in the first degree; twenty years for burglary in the first degree; five years for fleeing or evading police in the first degree; and twelve months for cruelty to animals in the second degree. Each sentence was to be served concurrently for a total of twenty years in the penitentiary. The twenty-year sentence was enhanced by the persistent felony offender in the first degree charge to forty years in the penitentiary. . . .

*Boston v. Commonwealth*, No. 2004-CA-000669-MR, 2005 WL 2806977, at *1

(Ky. App. Oct. 28, 2005) (footnote omitted).[1] This Court affirmed the circuit

court's order denying relief to Boston pursuant to RCr 11.42.

---

[1] John T. Boston's prior Kentucky Rules of Criminal Procedure (RCr) 11.42 appeal also involved a third, subsequent underlying felony conviction, Jefferson County Case No. 02-CR-002543. That case is not currently on appeal.

Boston now seeks to set aside his conviction, asserting he is entitled to relief pursuant to CR 60.02(e) and/or (f)[2] because the prior convictions used to enhance his sentence as a first-degree persistent felony offender (PFO) were insufficient because they were uninterrupted terms of imprisonment in violation of Kentucky Revised Statute (KRS) 532.080(4). The circuit court denied the motion to vacate and this appeal follows.

Our review of the circuit court's denial of Boston's CR 60.02 motion, looks to whether the circuit court abused its discretion:

> The test for abuse of discretion is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."
>
> . . . .
>
> The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides

---

[2] Kentucky Rules of Civil Procedure (CR) 60.02 states, in relevant part only, that:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds . . . (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

In denying relief to Boston without a hearing, the circuit court did not address the timeliness of Boston's request for relief (*see* CR 60.02 stating that requests for relief brought under CR 60.02 (e) or (f) must be brought "within a reasonable time"). Nor did the court address whether Boston could have sought relief for the same issues on direct appeal or in his prior post-conviction motion for relief pursuant to RCr 11.42.[3] Rather, the circuit court addressed the merits of Boston's claims, albeit briefly. While the Commonwealth's arguments that Boston's CR 60.02 claim is untimely and failed to satisfy other procedural

---

[3] In Kentucky, CR 60.02 is not intended to provide a defendant with a second bite of the apple concerning post-conviction relief. Rather,

[i]t is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

*Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

requirements are well-taken, we shall nonetheless review the circuit court's order addressing the merits.

One of several criteria when receiving a first-degree PFO enhancement is that a defendant must have two (2) or more prior felony convictions. However, KRS 532.080(4) provides:

> For the purpose of determining whether a person has two (2) or more previous felony convictions, two (2) or more convictions of crime for which that person served concurrent or uninterrupted consecutive terms of imprisonment shall be deemed to be only one (1) conviction, unless one (1) of the convictions was for an offense committed while that person was imprisoned.

At the time Boston entered his guilty plea in the underlying actions, he had the following prior felony convictions from the Jefferson Circuit Court: 82-CR-797; 82-CR-509; 95-CR-1943; and 96-CR-1089. He acknowledged these prior convictions in accepting the Commonwealth's offer which included a first-degree PFO enhancement. He now argues he was not eligible for first-degree PFO enhancement because his prior felony convictions were served concurrently or consecutively without interruption; therefore, they should count only as one prior felony conviction, not two. Boston's arguments are refuted by the record before us; by Boston's own timeline for his convictions and various parole dates;[4] and Kentucky caselaw.

---

[4] *See* Appellant's reply brief.

Boston received a sentence of ten years' imprisonment for Jefferson County Case No. 82-CR-509 to be served consecutively with Case No. 82-CR-797 for a total of twenty years' imprisonment. In 1996, while on parole for those convictions, Boston was indicted and convicted in Jefferson County Case Nos. 95-CR-1943 and 96-CR-1089. His parole was revoked, and he was sentenced to an additional two years' imprisonment to be served consecutively with his prior two convictions for a total of twenty-two years' imprisonment. Boston was again granted parole. He was then indicted for the underlying crimes in this action in 2001, his parole was again revoked for his prior convictions, and he was convicted in 2003. Boston now argues that he had served fourteen and one-half years of a single uninterrupted twenty-two-year sentence when he was convicted of the crimes at issue in this appeal. Boston's argument has no merit.

The Kentucky Supreme Court has clearly stated that the "concurrent sentence break" provided for in KRS 532.080(4) "does not apply to individuals who commit a felonious act, receive a sentence, and then subsequently commit another felonious act and receive another sentence." *Blades v. Commonwealth*, 339 S.W.3d 450, 456 (Ky. 2011). As explained more specifically by the *Blades* Court:

> In *Williams* [*v. Commonwealth*, 639 S.W.2d 788 (Ky. App. 1982)], the appellant was released on parole after being convicted of and imprisoned for four counts of forgery. 639 S.W.2d at 789. While on parole, he was

-7-

convicted of theft by unlawful taking and sentenced to four years' imprisonment. *Id.* The Court of Appeals aptly rejected his interpretation of KRS 532.080(4) that would require two or more convictions to be treated as one even when prison time has been served after the first conviction and the second crime is committed while on parole from the first conviction:

> Appellant's suggested interpretation of KRS 532.080(4) would erode the purpose of the statute. Without analyzing the entire history and purposes of the statute, it is enough to say that the statute is designed to strengthen the Commonwealth's attempts at rehabilitation of convicted persons. Greater penalties are sanctioned for those persons who, after serving a prison term for a conviction, demonstrate the futility of their rehabilitation by committing other crimes after their release. *The concurrent sentence break is provided only to those who may have committed more than one crime but received their sentences for these crimes prior to serving any time in prison.*
>
> . . . .
>
> It is clear from the wording of the statute and the Commentary thereto that a person who, in appellant's situation, serves time in prison for a felony, is released on parole, commits another crime and is resentenced to prison, that upon his release again and third conviction, he has two prior felonies for purposes of a persistent felony offender charge. That is, the rehabilitative efforts on his first conviction failed, the rehabilitative efforts on his second conviction failed, and he is, under the statute, a persistent felony offender in the

-8-

first degree upon receiving his third
conviction.

*Blades*, 339 S.W.3d at 455 (citation and footnote omitted).

This Court is duty bound to follow the Kentucky Supreme Court's mandate set out in *Blades* in this appeal. Due to Boston's repeated felony convictions and repeated commission of additional felonies while on parole, Boston had *at least* two prior felony convictions available for first-degree PFO enhancement. KRS 532.080(4) is inapplicable and the circuit court did not abuse its discretion in denying Boston's motion.

Accordingly, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John T. Boston, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew F. Kuhn
Solicitor General

Rachel A. Wright
Assistant Solicitor General
Frankfort, Kentucky