NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0520n.06

No. 24-5009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 12, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| v. | ) ) | COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| OMARI JACQUES SWEAT, | ) ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: KETHLEDGE, LARSEN, and MATHIS, Circuit Judges.

KETHLEDGE, Circuit Judge. Omari Sweat pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He now appeals his sentence, arguing that the district court erred when it applied a four-level enhancement for unlawfully possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). We reject his arguments and affirm.

On April 19, 2023, Lexington police were in a helicopter investigating an unrelated shooting when they saw Sweat crash his car into another vehicle and drive away at a high speed. Those officers then saw Sweat abandon his damaged car, place something under a nearby trailer, jump a fence, and continue to flee on foot. Officers on the ground later caught Sweat, and he surrendered. The officers found a loaded .40-caliber Glock pistol under the trailer; two witnesses said they saw Sweat hide the pistol there.

A federal grand jury later indicted Sweat for being a felon in possession of a firearm, and Sweat pled guilty. In his plea agreement, Sweat admitted the facts above and that he knew he had

a prior conviction for being a felon in possession of a firearm. His presentence report recommended a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense"—namely, the Kentucky felony offense of tampering with physical evidence. *See* Ky. Rev. Stat. § 524.100(1)(a). Sweat objected to that enhancement, arguing that his conduct of discarding the gun under the trailer did not amount to evidence tampering and that he had not used the gun in connection with another felony.

At sentencing, the district court overruled Sweat's objection, finding that Sweat had intended to conceal the gun from the police—in violation of the Kentucky evidence-tampering statute—and that the enhancement applied because Sweat had possessed the gun in connection with the tampering felony. The court calculated Sweat's resulting advisory guidelines range as 100 to 125 months' imprisonment and imposed a sentence of 120 months' imprisonment. This appeal followed.

We review the district court's factual findings for clear error and give "due deference" to its "fact-bound" determination that the defendant possessed the firearm "in connection with" the other felony. *United States v. Taylor*, 648 F.3d 417, 431–32 (6th Cir. 2011).

Sweat first argues that the district court erred when it applied U.S.S.G. § 2K2.1(b)(6)(B) because, he says, the government did not prove he committed "another felony offense." Under Kentucky law, a person commits the felony offense of tampering with physical evidence when (among other things) he conceals "physical evidence" with intent to impair its "availability in [an] official proceeding." Ky. Rev. Stat. § 524.100(1)(a). By contrast, when a defendant "merely drops, throws down, or abandons" physical evidence "in the presence and view of the police, and the officer can quickly and readily retrieve the evidence," the defendant does not violate the Kentucky statute. *Commonwealth v. James*, 586 S.W.3d 717, 731 (Ky. 2019).

Sweat contends that he merely "abandoned" the gun under a trailer while being "continuously watched and recorded by law enforcement"—that is, by the police helicopter overhead. But Sweat admitted in the plea agreement that two witnesses saw him hide the gun under the trailer and then flee the scene. Sweat thus concealed the gun rather than merely dropped it. Moreover, as the district court observed, that makes this case "worlds different" from the situation in *James*, where the defendant dropped a glass pipe in front of the arresting officer without trying to hide it. 586 S.W.3d at 726. That Sweat happened to be in view of the officers in the helicopter does not make this case like *James*. The district court was therefore right to find that Sweat concealed the gun with the intent to impair an official proceeding—a felony in Kentucky.

Sweat also argues that the tampering offense does not qualify as "another felony offense" under § 2K2.1(b)(6)(B) because, he says, his possession of the gun was the "exact conduct" that served as the basis for the tampering allegation. He is mistaken: Sweat's possession of the firearm was an act distinct from hiding it under a trailer while the police pursued him. *See United States v. Sweat*, 688 F. App'x 352, 355–56 (6th Cir. 2017). The district court properly applied the enhancement.

The district court's judgment is affirmed.